[No. 2847. Decided January 21, 1898.]

## In the Matter of Proceedings for the Disbarment of W. D. Lambuth.

ATTORNEYS AT LAW — CONTEMPT OF COURT — DISBARMENT.

The employment of offensive and discourteous language by an attorney towards the court, in a petition for rehearing of a cause decided by them, warrants the court in striking his name from the roll of attorneys, unless satisfied, from the disavowal and showing made by him, that no intentional offense and disrespect toward the court was contemplated.

*Proceedings for Disbarment of W. D. Lambuth.*

*Thomas M. Vance,* Assistant Attorney General, for The State.

*Harold Preston,* for respondent.

PER CURIAM.—On January 11, 1898, upon an order made by the court, the attorney general filed a motion to strike from the rolls the name of W. D. Lambuth, an attorney and counsellor at law in this court. The motion was based upon offensive and discourteous language used by the attorney in a petition for rehearing filed in the case of *J. F. Judge et al. v. Bay Mill Co., ante,* p. 269. The language used was as follows:

" It is respectfully submitted to the court with all deference to the wisdom of the individual judges thereof, that the decision in this case could not appear more prejudiced and biased in favor of intervenors and more liberal towards them if the court had been under hypnotic suggestion at the hands of the intervenors and the capitalists engaged in the buying and selling and dealing in lumber and shingles."

Upon due service of the motion and order of the court the attorney appeared and answered. It appears that the

petition for rehearing was hurriedly prepared and dictated by the attorney to a stenographer at two o'clock on Saturday afternoon, January 8th, and served and mailed to the clerk of this court at about five o'clock the same afternoon. The last day allowed for filing the petition was Monday, the tenth day of January. A short time after mailing the petition containing the offensive language Mr. Lambuth had his attention called particularly to the words used in the petition by counsel upon whom it had been served. He then stated that he did not intend to use offensive language and did not think it would be so construed, but that he would submit the petition immediately to a disinterested and distinguished member of the bar and a former member of this court residing in Seattle for his advice, which he thereupon did, and on Monday, the 10th, and before any action had been taken by this court, Mr. Lambuth addressed a communication to the clerk of the court requesting that the language used in the petition, if offensive to the court, be stricken from the petition. This communication was not received until after the court had acted. Several members of the bar in the city of Seattle, of high standing, appeared with Mr. Lambuth when he answered, and certified to his good standing at the bar, and his uniformly respectful and courteous demeanor to the courts where he appeared. In his answer, which was verified, he completely disavows any intentional disrespect or discourtesy to the court, and states he "had no intention or purpose, direct or remote, to be disrespectful to the court or to be discourteous or to use language in any way discourteous or contemptuous," and that he never heard suggested and no thought had entered his mind of wrong in the action of the court or in any judge thereof, and that if his language "is disrespectful or discourteous in itself, it is so without any, even the remotest, intention or design;

and is only so by reason of being written hurriedly and thoughtlessly as to the form of speech and its appearance and possible effect under calm and deliberate inspection," and asks leave for an order striking the offensive language from the petition.

Attorneys and counselors at law are officers of the court. The laws of the state declare, among other·duties, that they shall "maintain the respect due to the courts of justice and judicial officers," and shall "abstain from all offensive personality." 2 Hill's Code, § 94 (Bal. Code, § 4765). And each attorney whose name is entered upon the rolls of this court takes an obligation under oath to support this law.

But power to strike from the rolls is inherent in the court itself. No statute or rule is necessary to authorize the punishment in proper cases. Statutes and rules may regulate the power, but they do not create it. It is necessary for the protection of the court, the proper administration of justice, the dignity and purity of the profession, and for the public good and the protection of clients. Attorneys may forfeit their professional franchise by abusing it, and the power to exact the forfeiture is lodged in the courts which have authority to admit attorneys to practice. Such power is indispensable to protect the court, the administration of justice, and themselves; and attorneys themselves are vitally concerned in preventing the vocation from being sullied by the conduct of unworthy members. Says the supreme court of the United States in *Bradley v. Fisher*, 13 Wall. 356:

"... the obligation which attorneys impliedly assume, if they do not by express declaration take upon themselves, when they are admitted to the bar, is not merely to be obedient to the constitution and laws, but to maintain at all times the respect due to courts of justice and judicial officers. This obligation is not discharged by merely ob-

serving the rules of courteous demeanor in open court, but it includes abstaining out of court from all insulting language and offensive conduct toward the judges personally for their judicial acts."

*Ex parte Biggs,* 64 N. C. 202; *In re Percy,* 36 N. Y. 651; *Anon.,* 22 Wend. 656; *In re Peterson,* 3 Paige, 510; *Jackson v. State,* 21 Tex. 668; *Brown v. Brown,* 4 Ind. 627 (58 Am. Dec. 641).

But, upon the facts appearing at the hearing in this proceeding, we are satisfied with the disavowal of intentional offense and disrespect upon the part of the attorney cited to appear. His prayer to strike the offensive language from the petition is granted, and the rule against him discharged.