[No. 340. *En Banc.* June 21, 1921.]

*In the Matter of the Proceedings for the Disbarment of* GEORGE OLSON.[1]

ATTORNEY AND CLIENT (9-1)—DISBARMENT PROCEEDING—APPEAL. A finding of the state board of law examiners exonerating an attorney from the charge made against him in disbarment proceedings is not appealable, the only right of appeal granted by statute (Laws 1917, ch. 115, as amended by Laws 1919, ch. 100) being reserved to the person whose license has been annulled or revoked.

SAME (9-1). Under the inherent power of the supreme court to suspend or disbar attorneys, the court may, at its option, examine charges against an attorney, notwithstanding the procedure outlined by statute to be followed in case of inquiry by the board of law examiners.

Proceedings filed in the supreme court February 14, 1921, for the disbarment of an attorney. Dismissed.

*Carroll Hendron,* for the state.

*Tucker & Hyland, Jay C. Allen,* and *W. R. Bell,* for accused.

[1]Reported in 198 Pac. 742.

HOLCOMB, J.—Proceedings were instituted before the state board of law examiners upon a complaint against George Olson for his disbarment from the practice of law in the state of Washington, the original complaint being upon two charges or counts. The first charge was that he perpetrated a fraud upon Henry J. Gorin, in that he induced Henry J. Gorin to execute his promissory note for $4,000 upon the representation that he would receive as consideration therefor twenty-five shares of the capital stock of the Broadway State Bank of Seattle, of the value of $160 per share, and would be employed by the bank as its attorney at a salary of $1,000 per annum. It was further alleged that confidential relations existed between Gorin and Olson in that they had associated together in various capacities, and that by reason thereof Gorin believed the statements of Olson, and relied thereon, and delivered his note for the above amount to Olson, but never received the stock or the employment, and that the bank was then insolvent and the stock worthless, all of which was known to Olson.

The second charge in the original complaint was to the effect that Olson, as attorney in a certain cause, prepared findings of fact, conclusions of law and decree in the superior court of Washington, for King county, which conformed with the decision of the court as orally announced, and upon which opposing counsel endorsed his approval, but that Olson did not present the decree, served by copy upon opposing counsel, to the court, but presented one of a different purport which was signed and filed.

A hearing was had upon the charges of the original complaint, and the matter was taken under advisement by the board of law examiners. Thereafter, another complaint was filed against Olson, charging him with

mismanagement and breach of trust with reference to the handling of the estate of Hans Bergman, deceased, whereby he acquired and appropriated property belonging thereto to his own use, the charges in which complaint were heard by the board of law examiners at subsequent dates. After hearings on the complaints, the state being represented by counsel, the Seattle bar association by counsel, and Olson by counsel, the board of law examiners reported to this court that it "had carefully considered and weighed all oral and documentary evidence submitted relative to all the charges set forth in said complaints and is of the opinion that the evidence submitted does not sustain any of said charges, and therefore recommends that said charges should be dismissed."

Upon its findings and recommendations being filed, the Seattle bar association, by its attorney, filed objections and exceptions to the report and findings, and the matter was heard before this court *En Banc.*

Counsel for respondent Olson urge that no objections or exceptions can be presented to this court from the findings and recommendations of the board of law examiners by the state or on its behalf, on the ground that the statute, Laws of 1917, ch. 115, p. 421, as amended by the Laws of 1919, ch. 100, p. 243, (Pierce's 1919 Code, §§ 167, 168 and 169), makes no provision for such procedure.

Section 169, Pierce's Code, reads in part as follows:

"Any person whose license has been annulled or revoked may petition the supreme court of the state to review the findings of the board, and to reverse or modify the same, in which event the board shall file with the supreme court a complete transcript of the evidence and proceedings of the case together with its findings, which findings shall constitute a *prima facie* case, and the burden shall be on the appellant to show wherein such order of the board was unlawful. The

supreme court shall fix rules for the procedure in such appeals and shall, after hearing, render judgment therein.  If it shall find that the order of the board was not in accordance with law, the court shall reverse or modify the same; or may remand the same to the board for further investigation and consideration.  But if the board did not exceed its authority and appellant had a fair trial, the court shall affirm the order of the board."

It will be seen that, under the statutes now in force, no one but the person whose license has been annulled or revoked may proceed as of right in this court against the findings of the board of law examiners to reverse or modify the same.

But under the inherent power of this court to admit, suspend or disbar attorneys at law, notwithstanding the statute gives the right as a matter of course only to the person whose license has been annulled or revoked to object to and have a review of the same, we have felt obliged, in a matter of such importance to the bar and the public, to consider that we may, at our own option, examine into the charges against an attorney proceeded against before the state board of bar examiners, even though his license has not been recommended to be revoked or annulled by the board. We may not feel in duty bound to do so in all such cases, but the importance of this case was such that we have felt disposed to do so.

The voluminous record has been examined with considerable care.  The charges against the attorney appeared to be very serious, and we especially thought that the first and third charges were particularly grave; but after examining the record we are unable to arrive at any conclusion differing from that of the state board of law examiners.

The most that can be said against the attorney as to the present charges is that he seems to have had an

unnecessary propensity for voluminous and circuitous proceedings in transacting business where simplicity and direct methods would have been much more commendable. Some of the things complained of against him seemed at first to have been well founded, but after straightening out the great complexity and circumlocution of his transactions, they appear not to have harmed those involved.

We are of the opinion that the findings and recommendations of the board of law examiners must be and are approved and affirmed.

PARKER, C. J., TOLMAN, BRIDGES, and MITCHELL, JJ., concur.

MAIN, J., concurs in the result.