[No. 33590. *En Banc.* June 20, 1957.]

THE STATE OF WASHINGTON, *Respondent*, v. RICHARD
DANIEL TEMBRUELL, *Appellant.*[1]

[1]Reported in 312 P. (2d) 809.

*Howard F. Frye*, for appellant.

*Charles O. Carroll, Laurence D. Regal,* and *Charles Z. Smith*, for respondent.

OTT, J.—This is an appeal from a judgment and sentence entered upon the verdict of a jury, in which the defendant was found guilty of the crime of grand larceny for having knowingly received stolen property.

Appellant assigns as error the court's instruction No. 5, which reads as follows:

"The word 'knowing', as used in the information, does not mean absolute, personal and certain knowledge on the part of the defendant that the property mentioned in the information had been stolen; it means such knowledge and information on the part of the defendant, at the time he did buy or receive or aid in concealing or withholding the property, if he did buy or receive or aid in concealing or withholding the property, as would put a man of ordinary prudence and intelligence and exercising ordinary care on his guard, and would cause *such a man* to believe and be satisfied that the property had been stolen." (Italics ours.)

RCW 9.01.010 [*cf.* Rem. Rev. Stat., § 2303] defines the word "knowingly," as applied to larceny cases, as follows:

". . . (4) The word 'knowingly' imports a knowledge that the facts exist which constitute the act or omission of a crime, and does not require knowledge of its unlawfulness; knowledge of any particular fact *may be inferred* from the knowledge of such other facts as should put an ordinarily prudent man upon inquiry. . . ." (Italics ours.)

The statute requires that the defendant have knowledge that the property was stolen. It permits knowledge on the part of the defendant to be inferred by the jury, if it is shown that such defendant knew of facts that would put a man of ordinary prudence upon inquiry. The statute

is an evidentiary statute to guide the jury in determining from all the circumstances, whether the defendant had actual knowledge that the property was in fact stolen.

Does the instruction given properly inform the jury as to the statutory test by which they may infer guilty knowledge on the part of the appellant? The instruction states that

"The word 'knowing' . . . means such knowledge and information on the part of the defendant . . . as would put *a man* of *ordinary prudence and intelligence* . . . on his guard, and would cause *such a man* to believe and be satisfied that the property had been stolen." (Italics ours.)

To whom does the phrase, "such a man," refer? By the sentence structure, it can only refer to the hypothetical man, the man of ordinary prudence and intelligence. Under the statutory definition of knowledge, the jury may, in the exercise of their discretion, infer that a defendant had guilty knowledge, if the evidence establishes that the knowledge which he had would have put a man of ordinary prudence and intelligence on guard. By this statutory definition, the jury is required to make two determinations, (1) the extent of a defendant's knowledge, and (2) whether the defendant's knowledge warranted their inferring that he possessed guilty knowledge.

The instruction, as given, took from the jury the duty to make any determination as to (2), by instructing them that, if a hypothetical man of reasonable prudence and intelligence would have believed the goods were stolen, were he possessed of the same information as was the appellant, then they must find the appellant had sufficient knowledge. Under this instruction, the court, rather than the jury, determined that the appellant had guilty knowledge, if the jury found that the knowledge he had satisfied the prudent man test.

The instruction erroneously announced the law and was prejudicial. See *State v. Rubenstein*, 69 Wash. 38, 41, 124 Pac. 135 (1912).

In its brief, and in oral argument, the respondent

contended that, if instruction No. 5 was erroneous, the error was cured by the correct statements of the law in instructions Nos. 2 and 3, in which the court told the jury, *inter alia*, that to find the appellant guilty they must find that he knew that the property was stolen.

We find no merit in this contention for two reasons: (1) the jury was not instructed that all of the instructions should be considered together, and (2), assuming that the jury did consider all of the instructions as a unit, the error in the definition in instruction No. 5 would have permeated Nos. 2 and 3, in which the word "knowing" was not defined.

The erroneous instruction (No. 5) concerning one of the essential elements of the offense requires that a new trial be granted.

Upon the retrial, evidence with reference to violations of the liquor law or liquor board regulations must be excluded, as it is unrelated and has no probative value as to the offense charged. When the prosecutor made his opening statement, he stated that there would be evidence relating to liquor law violations. Appellant objected to the statement, and moved that the jury be discharged. The motion was denied. The court, in ruling upon the objection, stated:

"THE COURT: The statement of counsel that it is a violation of the law is stricken from the record and will be disregarded by the jury. . . . Counsel may be permitted to state matters in regard to a violation of Liquor Board regulations but not a violation of the law. The motion is denied. MR. QUIGLEY: Exception."

■■ The ruling of the trial court in denying the motion for dismissal of the jury was proper. The ruling that evidence relating to alleged violations of liquor board regulations would be admitted was not proper, for the reason that such evidence was immaterial and had no probative value in the determination of the guilt or innocence of the accused. Evidence relating thereto was later offered and admitted.

In *State v. Dinges*, 48 Wn. (2d) 152, 292 P. (2d) 361 (1956) we said:

"A defendant must be tried for the offense charged in the indictment or information. To introduce evidence of an unrelated crime is grossly and erroneously prejudicial, unless the evidence of the unrelated crime is admissible to show motive, intent, the absence of accident or mistake, a common scheme or plan, or identity."

See, also, *State v. Folsom*, 28 Wn. (2d) 421, 183 P. (2d) 510 (1947); *State v. Emmanuel*, 42 Wn. (2d) 1, 253 P. (2d) 386 (1953); *State v. Hartwig*, 45 Wn. (2d) 76, 273 P. (2d) 482 (1954).

The evidence relating to other offenses did not meet the test of the exceptions to the rule and should not have been offered or admitted.

■ Further, the evidence concerning the appellant's failure, *after his arrest*, to respond to an investigator's question of whether *he knew* the property had been stolen is not proper and should have been excluded. *State v. Redwine*, 23 Wn. (2d) 467, 161 P. (2d) 205 (1945). See *State v. Mc-Kenzie*, 184 Wash. 32, 49 P. (2d) 1115 (1935).

Finally, the statements of the deputy prosecuting attorney, to which appellant assigns error, are not to be commended and border closely upon misconduct. Upon a retrial, such statements should not be made.

For the reasons stated, the judgment and sentence is reversed, and the cause remanded with instructions to grant a new trial.

ALL CONCUR.