[No. 237-3.     Division Three.     March 2, 1971.]
LLOYD D. EGGAN, *Appellant*, v. THE STATE OF WASHINGTON, *Respondent*.

*N. R. Thomas* (of *Cushman, Thomas & Holt*), for appellant.

*Joseph Panattoni, Prosecuting Attorney,* for respondent.

EVANS, J.—Appellant Lloyd D. Eggan came to trial at 7 p.m. on December 8, 1969 in the Upper Kittitas County District Court located in Cle Elum. The charge was disorderly conduct, apparently arising out of a traffic incident, and the complaint was signed by a private citizen. Appellant was personally present at the trial and represented by counsel. The prosecuting attorney was not present. The record of what transpired at the hearing is not before the court but counsel for appellant concedes the judge merely asked the complaining witness to "tell his story". Following the testimony of the complaining witness counsel for

appellant moved to dismiss the charges against appellant upon the ground the prosecuting attorney was not present. This motion was denied; whereupon, counsel for appellant requested permission to apply to the superior court for a writ of certiorari. The judge recessed the trial to permit him to do so.

Application for a writ of certiorari to the superior court was granted and after a hearing upon the merits the superior court entered an order denying appellant's motion to dismiss. This appeal is from that order.

It is appellant's contention that if the prosecuting attorney is not present at a justice court trial, the defendant is entitled to a dismissal of all charges as a matter of right. He bases this contention upon the following provisions of JCrR 4.08:

(a) The order of trial in jury cases shall be as follows:

. . .

(3) The prosecutor shall submit evidence in support of the prosecution.

. . .

(b) The order of trial in nonjury cases shall be the same as in subsection (a) except as to such portions as are not applicable to nonjury cases.

Appellant also argues that his contention finds further support in RCW 36.27.020, which provides:

Duties. The prosecuting attorney shall:

. . .

(4) Prosecute all criminal and civil actions in which the state or his county may be a party, . . .

■ We find no merit to appellant's contention. JCrR 4.08 merely sets forth the order in which a trial in justice court shall proceed. It is true JCrR 4.08 anticipates that the prosecuting attorney will be present, in which event he shall submit evidence in support of the prosecution, but we find nothing in that rule granting to a defendant the substantive right to dismissal of the charges against him merely because the prosecuting attorney, regardless of the reason, is not present. The same is true of RCW 36.27.020.

In the event the prosecuting attorney fails, declines, or is unable to perform his duties, there is statutory provision for the appointment of a special prosecutor. RCW 36.27.030. Even in the extreme situation of the refusal of a prosecuting attorney to appear in an action in which the state or a county is a party, that statute gives no indication that the defendant in a pending criminal action is ipso facto entitled to have his case dismissed. The question of whether in such situations a judge has the inherent discretionary power to dismiss a pending criminal charge is not before the court.

In the present case the prosecuting attorney did not refuse to appear. The record indicates he had no notice of either the charges or hearing pending against defendant. At trial, when it became apparent that the prosecuting attorney would not be present, appellant did not request a continuance, nor did he object to the proceedings because of the absence of the prosecuting attorney until after the complaining witness had testified. It is not contended the judge in any way substituted as a prosecutor or otherwise aggressively sought a conviction. When counsel for appellant moved for dismissal the court, in the exercise of its discretion, denied the motion, stating that it was not the practice in that county for the prosecuting attorney to appear in cases of this nature—presumably meaning charges filed by a private citizen without the knowledge of the prosecuting attorney.

While *Hendrix v. Seattle*, 76 Wn.2d 142, 456 P.2d 696 (1969) dealt with the claimed right of an indigent defendant to be represented by counsel at public expense when charged with a misdemeanor in justice court, rather than the present claimed right of defendant to be prosecuted by the prosecuting attorney, we nevertheless find, at page 152, the following language from *Hendrix* appropriate to the procedure followed in the present instance:

> The sovereign United States and the sovereign state of Washington came into existence with judicial systems designed to administer the criminal law in prosecutions for lesser offenses in a fashion more summary than that reserved for the more serious kinds of crimes punishable by

long terms of imprisonment or death. No authoritative precedents have been presented here that the people can no longer constitutionally maintain courts of this type within the judicial systems; nor do the facts and conditions of modern society appear to reduce the need for courts of summary jurisdiction. Indeed, the need for courts so organized as to be capable of trying the less serious criminal offenses with dispatch seems more imperative today than in our early days.

We find no prejudice to the appellant arising from the fact that the prosecuting attorney was not present to prosecute him, and that the trial judge did not abuse his discretion in denying appellant's motion to dismiss.

The order of the superior court denying appellant's motion to dismiss is affirmed and this case is remanded to the Upper Kittitas County District Court for further proceedings.

MUNSON, C.J., and GREEN, J., concur.