[No. 40699.    Department One.    November 18, 1971.]

THE STATE OF WASHINGTON, *Respondent*, v. PHILLIP .G. GIBSON, *Appellant*.

*Robert A. Wacker,* for appellant (appointed counsel for appeal).

*Christopher T. Bayley, Prosecuting Attorney,* and *John E. Nelson, Deputy,* for respondent.

STAFFORD, J.—A jury found Phillip G. Gibson guilty on two counts of aiding and abetting forgery in the first degree. He appeals from the judgment and sentence. Trial counsel and counsel on appeal were not the same.

A number of yellow checks were stolen from Littler, Inc. in May or June of 1968. Each was imprinted with the word "Littler".

In the afternoon of June 14, 1968, two members of the Seattle Police Department observed Phillip G. Gibson, the appellant, enter a tavern in the company of Glen Goit and Joe Granville. Approximately an hour later, he departed in an automobile accompanied by the same two companions. Appellant occupied the driver's seat with Mr. Goit beside him while Mr. Granville sat in the back seat.

The police officers followed the car as it was driven around Seattle. Finally, appellant parked the automobile near the Fourth and Denny Branch of Fidelity Mutual Savings Bank. Mr. Goit left the car, entered the bank and returned almost immediately to the driver's side of the vehicle. The policemen saw appellant hand Mr. Goit a small piece of yellow paper, approximately the size of a

check. Mr. Goit reentered the bank and cashed one of the stolen, yellow, "Littler" checks. It had been forged in the amount of $145.60.

Thereafter, Mr. Goit reentered the car and appellant drove to the Sixth and Denny Branch of the Seattle First National Bank. Mr. Goit entered the bank and cashed a second "Littler" check which had been forged in the amount of $145.60. Mr. Goit was arrested inside the bank.

In the meantime, the appellant and Mr. Granville, who had remained in the car, were also arrested. Appellant still occupied the driver's seat. Next to him were two white envelopes, each of which contained several of the stolen, yellow "Littler" checks. All had been forged in varying amounts.

At the conclusion of the state's case-in-chief, appellant challenged the sufficiency of the evidence, asserting there was no proof that he had knowledge of the two forgeries or of the utterance of the two checks. The motion to dismiss was denied. Thereafter, appellant offered no evidence and the matter was submitted to the jury. He was found guilty on two counts of aiding and abetting forgery in the first degree.

■ Appellant contends the trial court erred by failing to grant his motion to dismiss. The assignment of error is not well taken. The elements of a crime may be established by both direct and circumstantial evidence.

■ We do not weigh the evidence, but merely examine its sufficiency. *State v. Randecker*, 79 Wn.2d 512, 487 P.2d 1295 (1971); *State v. Dugger*, 75 Wn.2d 689, 453 P.2d 655 (1969). Our review of the sufficiency of circumstantial evidence is limited to a determination of whether the state has produced *substantial* evidence tending to establish circumstances from which the jury could reasonably have inferred the act to have been proved. *State v. Randecker, supra.*

■ We stated in *State v. Holbrook*, 66 Wn.2d 278, 279, 401 P.2d 971 (1965):

A challenge to the sufficiency of the evidence or a motion having that effect admits the truth of the state's

evidence and all inferences that reasonably can be drawn therefrom. Furthermore, the evidence is interpreted most strongly against the defendant and in a light most favorable to the state.

We have reviewed the evidence in light of the foregoing rule and are satisfied that the trial court properly denied appellant's motion. The "knowledge" asserted to be necessary was established by circumstantial evidence substantial in nature. It was sufficient to submit to the jury. *State v. Randecker, supra, State v. Dugger, supra.*

Appellant alleges that instruction No. 5 was in error because it failed to inform the jury that "knowledge" is a necessary element of "aiding and abetting". He argues that in the absence of such an instruction, the jury could conceivably have inferred "knowledge" was *unnecessary* and could have found the defendant guilty even though he unknowingly aided in the commission of the offense.

The trial court informed the jury, in essence, that one who stands by "aiding, assisting or abetting" or who, not being present, directly or indirectly, has "aided, assisted and abetted," advised, encouraged, or counseled the perpetration of a crime, is guilty of the commission of the crime and may be proceeded against as a principal. The instruction also informed the jury that the words "aid and abet" comprehend all assistance rendered by words, acts, encouragement, support or presence, actual or constructive, to render assistance should it become necessary.

Appellant proposed no instruction on the subject and has furnished us with no authority to support his position. Although the instruction may have been inartfully drafted, it is not erroneous. We held in *State v. Hinkley,* 52 Wn.2d 415, 418, 325 P.2d 889 (1958):

Although the word "aid" does not imply guilty knowledge or felonious intent, the word *"abet"* includes *knowledge* of the wrongful purpose of the perpetrator, as well as counsel and encouragement in the crime.

(First italics ours.) The word "abet", including as it does a

"knowledge" of the wrongful purpose of the perpetrator, adequately submitted appellant's theory to the jury.

█ Appellant claims error because Mr. Acheson, who represented the prosecuting attorney, was not properly qualified to do so. The King County Prosecuting Attorney had not filed Mr. Acheson's written appointment as a deputy, as required by RCW 36.27.040. Appellant did not object at the time of trial. On appeal, he has claimed no prejudice. We have been given no valid reason to set the verdict aside and we are aware of none.

In *State v. Storrs*, 112 Wash. 675, 192 P. 984, 197 P. 17 (1920) a judgment and sentence was affirmed, under similar circumstances, when no objection was made at the time of trial. In that case an attorney, who participated on behalf of the state, was not even a member of the prosecuting attorney's staff. *Storrs* is dispositive of the issue. *See also Petition of Dusablon*, 126 Vt. 362, 230 A.2d 797 (1967); *Pamanet v. State*, 49 Wis. 2d 501, 182 N.W.2d 459 (1971); *Baker v. State*, 368 S.W.2d 627 (Tex. Crim. 1963).

During the state's case-in-chief a police officer related events that occurred at the time appellant and Mr. Granville were arrested. The officer stated that he told them "They were under arrest for suspicion of passing bad checks." Thereafter, the deputy prosecuting attorney asked what they said, to which the officer replied, "They had no comment." At that time, appellant moved unsuccessfully for a mistrial and thereafter told the court he planned to request an instruction informing the jury "that they [*i.e.*, those under arrest] don't have to answer the question." However, the trial court was never furnished with such proposed instruction. The record discloses that the prosecuting attorney did not refer to the testimony in argument.

Denial of the motion for mistrial is assigned as error. It is asserted that if a defendant is under arrest, testimony that an accusatory or incriminating statement made in his presence was not denied, contradicted, or objected to by him, is presumptively prejudicial. *State v. McKenzie*, 184 Wash. 32, 49 P.2d 1115 (1935) and *State v. Redwine*, 23 Wn.2d

467, 161 P.2d 205 (1945) are cited in support of the proposition.

█ The facts of this case are not within appellant's declaration of the rule. No accusatory or incriminating statement was made. At best, it was a simple comment designed to inform appellant and his companion of the reason for their arrest. We do not condone the answer elicited from the police officer and we strongly suggest similar questions be omitted in the future because this type of question treads too closely upon the ground forbidden by *State v. Tembruell*, 50 Wn.2d 456, 312 P.2d 809 (1957). Nevertheless, we cannot say that the answer was prejudicial under the test propounded in *Redwine*. In that case the police testified that they told the defendant "he cut a man with a knife." The prosecuting attorney inquired "did he deny it?", to which the witness replied "not that I know of."

█ Under the circumstances, we stated in *Redwine*, at 471:

> There is a presumption that error of this kind is prejudicial, and in reviewing a case it becomes necessary for the appellate court to give full consideration to the record and make a determination whether the presumption has been overcome and that prejudice did not result.

In *affirming* the conviction, we stated at page 471:

> Unless we can say, after a careful perusal of the record, that had the statement been excluded the jury would probably not have rendered a different verdict, the admission of the evidence will be held to have been prejudicial.

Applying the foregoing test, we hold, as we did in *Redwine*, that it is clear the jury could not have been influenced by the police officer's testimony. In accord see also *State v. Starks*, 459 S.W.2d 249 (Mo. 1970); *State v. Battles*, 357 Mo. 1223, 212 S.W.2d 753 (1948).

█ Finally, appellant alleges his retained trial counsel represented him so ineffectively that he failed to receive a fair trial.

Reference is made to several pretrial and trial decisions that, on "second guessing," are said to have been in error. This includes an alleged failure of trial counsel to file an affidavit of prejudice against the trial judge, presumably at defendant's request.[1] As we said in *State v. Mode,* 57 Wn.2d 829, 833, 360 P.2d 159 (1961):

> Mistakes or errors of judgment do not establish the violation of a constitutional right. It is only when the incompetence or neglect of a lawyer, either appointed or employed to defend one charged with crime, results in the violation of a constitutional right by reducing the trial to a farce that a new trial will be granted.

A review of the entire record makes it abundantly clear that trial counsel was painfully aware of the problems at hand, the possible defense available to his client, and of the law. He had many difficult decisions to make. We cannot say that his decisions reduced the trial to a farce. Considering the entire record, the accused was rendered effective representation and received a fair, impartial trial. *State v. Thomas,* 71 Wn.2d 470, 429 P.2d 231 (1967).

The judgment and sentence is affirmed.

HAMILTON, C.J., FINLEY and HUNTER, JJ., concur.

NEILL, J. (concurring)—Defendant excepted to instruction No. 5[2] on the ground that it failed to inform the jury that it must find defendant "knowingly" aided and abetted the perpetration of a crime. I agree that an instruction to the jury solely in terms of "aids, assists or abets" fails to

---

[1] The statement of facts and other court records fail to disclose actual *proof* that the defendant requested trial counsel to file an affidavit of prejudice against the trial judge *prior to trial.*

[2] Instruction No. 5: "Under the statutes of the State of Washington, every person who stands by aiding, assisting, or abetting, or who, not being present, directly or indirectly, has aided, assisted, abetted, advised, encouraged, or counseled the perpetration of a crime is guilty of the commission of the crime and shall be proceeded against and punished as a principal.

"The words 'aid and abet' comprehend all assistance rendered by words, acts, encouragement, support or presence, actual or constructive, to render assistance should it become necessary."

adequately convey the essential element that the defendant had knowledge that a crime was being committed. The majority cites *State v. Hinkley*, 52 Wn.2d 415, 325 P.2d 889 (1958), for the proposition that the term "abet" includes knowledge of the wrongful purpose of the perpetrator, but that case involved a challenge to the information, not the instructions. In fact, the jury in *Hinkley* was given an instruction proposed by defendant which told the jury, at page 418:

> "You are instructed that before you can find the defendant Hinkley guilty of aiding and abetting Leroy E. Thrift in the crime of forging and uttering the checks set forth in Counts II, III, IV and V of the information, you must find that he, the said Hinkley, *did so knowingly* and with criminal intent. To abet another in the commission of a crime implies a consciousness of guilt in instigating, encouraging, promoting or aiding in the commission of such criminal offense." (Italics ours.)

Instructions are to be read as a whole. Although it would be preferable, and under different circumstances required, to draft the "aid and abet" instruction to include the concept of knowledge, a reading of the entire instructions discloses that in the "charging instruction" (No. 1) the jury was informed that defendant was charged "with intent to defraud," "willfully" "well knowing the [instrument] to be forged," and "willfully and knowingly aid, abet, encourage, assist, advise and counsel . . . in the unlawful act." In the "to convict" instruction (No. 3) the jury was informed that the state must prove beyond a reasonable doubt that a spurious instrument was uttered, offered, or disposed of "knowing said instrument to be forged." Further, defendant did not propose an instruction on knowledge even though expressly invited by the court to do so. Upon defendant's failure to propose an instruction, the court went further and advised defendant's counsel that he would be permitted to argue his theory of lack of knowledge to the jury. Thus, in viewing the record, the deficiency in instruction No. 5 is not a proper ground for reversal. *Accord, People v.*

*Dole,* 122 Cal. 486, 55 P. 581 (1898); *People v. Terman,* 4 Cal. App. 2d 345, 40 P.2d 915 (1935); *State v. Rindal,* 146 Mont. 64, 404 P.2d 327 (1965).

Accordingly, I concur in the affirmance.

Petition for rehearing denied December 23, 1971.