[No. 895-2.    Division Two.    December 28, 1973.]

THE STATE OF WASHINGTON, *Respondent*, v. JAY D. COVEL, *Appellant*.

*Ronald A. Marks,* for appellant.

*James E. Carty, Prosecuting Attorney,* and *William R. McCann, Deputy,* for respondent.

PEARSON, C.J.—Defendant, Jay D. Covel, was tried by a Clark County jury, convicted and sentenced for second-degree arson. The fire occurred in a Camas, Washington, house on June 26, 1972. Approximately one month later defendant, in jail on another matter, confessed his involvement in setting the fire. So far as appears from the record, the confession was voluntary.

At trial defendant denied setting the fire, but admitted assisting the female homeowner in moving furniture in front of the door of the burning room after she had set the fire.

Defendant's sole assignment of error relates to the court's instruction 11 on aiding and abetting, which provided:

> You are instructed that under the statutes of the State of Washington every person who stands by aiding, assisting or abetting, or who, directly or indirectly, has aided, assisted, abetted, advised, encouraged or counseled the perpetration of a crime is guilty of the commission of the crime and shall be proceeded against and punished as a principal.
>
> The words "Aid and Abet" comprehend all assistance rendered, by words, acts, encouragement, support or presence, actual or constructive, to render assistance should it become necessary.
>
> However, mere physical presence and assent to the commission of a crime is not enough to constitute one an aider and abettor of the principal committing the crime.

The first paragraph of the instruction follows closely the statutory language defining the crime. RCW 9.01.030. The latter two paragraphs are correct statements of the principles of law relating to aiding and abetting as enunciated by

the case law of this state. *State v. Redden,* 71 Wn.2d 147, 426 P.2d 854 (1967); *State v. Aiken,* 72 Wn.2d 306, 434 P.2d 10 (1967); *State v. Gibson,* 79 Wn.2d 856, 490 P.2d 874 (1971); *State v. Braxton,* 10 Wn. App. 1, 516 P.2d 771 (1973).

▮ Defendant complains that the court should have added the following sentence to that instruction: "In order to aid and abet another in committing a crime, it is necessary that it be proved the one charged with aiding and abetting touched the crime at the same point." *State v. Teahan,* 50 Conn. 92 (1892); *State v. Catterall,* 5 Wn. App. 373, 486 P.2d 1167 (1971); *State v. Gladstone,* 78 Wn.2d 306, 474 P.2d 274, 42 A.L.R.3d 1061 (1970).

This argument has no merit. The cases relied upon are not in point. Each involved the question of whether or not one who aids a purchaser or is a purchaser of illicit drugs is liable as an aider and abettor of the seller. In those cases the defendant had no connection with the *seller* who committed the crime.

In the instant case, the defendant had a connection with the homeowner who committed the crime. This connection existed under the version given by the defendant at the trial, as well as the version given in his pretrial confession.

If defendant's contention were followed, then one who is not present at the scene of the crime would never be guilty as an aider or abettor. Such result would be contrary to the statute, as well as the case law. *See State v. Todd,* 78 Wn.2d 362, 474 P.2d 542 (1970).

Affirmed.

PETRIE and ARMSTRONG, JJ., concur.