[No. 42928. En Banc. August 29, 1974.]

THE STATE OF WASHINGTON, *Petitioner*, v. VINA S. COOK, *Respondent.*

*Christopher T. Bayley, Prosecuting Attorney,* and *Frederick L. Yeatts, Assistant Chief Deputy,* for petitioner.

*Robert S. Bryan* (of *Lanning, Mahoney & Bryan*), for respondent.

*Robert E. Schillberg, Prosecuting Attorney,* and *Richard S. Lowry, Deputy,* amicus curiae.

HAMILTON, J.—QUERY: Is a legal intern, certified under Admission to Practice Rule (APR) 9, employed in the office of a county prosecuting attorney, permitted to represent the State in a criminal proceeding from which lies a right of trial de novo on appeal?

We answer in the affirmative.

On March 6, 1972, defendant-respondent, Ms. Vina S. Cook, was charged in Renton District Court, King County, Washington, with driving while under the influence of intoxicating liquor. She entered a plea of not guilty. The cause came on for trial July 11, 1972. A legal intern, engaged by the office of the King County Prosecuting Attorney, appeared on behalf of the State. By pretrial motion to dismiss, Ms. Cook challenged the qualifications and authority of a legal intern to represent the State. The district court judge reserved ruling on the motion, heard the cause upon the merits, thereafter determined that a legal intern was not authorized to represent the State in the action, and ordered a dismissal of the complaint.

Division One of the Court of Appeals granted the State's petition for a writ of certiorari. By a 2-to-1 decision, the district court disposition was upheld. *State v. Cook,* 9 Wn. App. 227, 512 P.2d 744 (1973). We granted the State's petition for review.

Tersely stated, it is Ms. Cook's contention, and the position of the Court of Appeals' majority opinion, that: (a)

Const. art. 11, § 5[1] vests the legislature with the exclusive power to provide for the office of county prosecuting attorney and to prescribe the duties thereof; (b) the legislature has, by RCW 36.27.010, .020(3) and (4), and .040,[2] prescribed the qualifications of county prosecuting attorneys and their deputies (admitted as attorneys in the state), as well as their duties (to prosecute all criminal and civil proceedings in which the state or county may be a party); and (c) the regulatory and rulemaking power of the Su-

---

[1] "The legislature, by general and uniform laws, shall provide for the election in the several counties of boards of county commissioners, sheriffs, county clerks, treasurers, prosecuting attorneys and other county, township or precinct and district officers, as public convenience may require, and shall prescribe their duties, and fix their terms of office: . . ." Const. art. 11, § 5.

[2] "No person shall be eligible to the office of prosecuting attorney in any county of this state, unless he is a qualified elector therein, and has been admitted as an attorney and counselor of the courts of this state." RCW 36.27.010.

"The prosecuting attorney shall:

". . .

"(3) Appear for and represent the state, county, and all school districts subject to the supervisory control and direction of the attorney general in all criminal and civil proceedings in which the state or his county or any school district in his county may be a party;

"(4) Prosecute all criminal and civil actions in which the state or his county may be a party, defend all suits brought against the state or his county, and prosecute actions upon forfeited recognizances and bonds and actions for the recovery of debts, fines, penalties, and forfeitures accruing to the state or his county; . . ." RCW 36.27.020(3) and (4).

"The prosecuting attorney may appoint one or more deputies who shall have the same power in all respects as their principal. Each appointment shall be in writing, signed by the prosecuting attorney, and filed in the county auditor's office. Each deputy thus appointed shall have the same qualifications required of the prosecuting attorney. The prosecuting attorney may appoint one or more special deputy prosecuting attorneys to aid in the investigation or in the presentment of any matters or testimony to a grand jury, and in the trial of any criminal cause arising out of the indictments of a grand jury and such special deputy prosecuting attorneys need not be residents of the county in which such grand jury is convened, but shall be residents of the state of Washington and admitted to practice as attorneys before the courts of this state. The prosecuting attorney shall be responsible for the acts of his deputies and may revoke appointments at will." RCW 36.27.040.

preme Court may not supersede, modify, alter, or diminish the legislatively prescribed qualifications and duties.

In support of the propriety of the legal intern's appearance in the instant situation, the State, as does the dissenting opinion in the Court of Appeals, per Horowitz, J., points to: (a) RCW 36.16.070,[3] which authorizes county elected officials to employ deputies and "other necessary employees" to carry out the duties of the office; (b) the status of the legal intern as an employee rather than as a deputy prosecuting attorney; and (c) the inherent power of this court to determine who may or may not appear as counsel in the courts of this state. We are in accord with the views advanced by the State as amplified by Judge Horowitz.

█ Early in the history of this state, and consistently since, this court accepted and enunciated the virtually universal principle that the authority to determine who may or may not appear as legal counsel in the courts of this state is vested exclusively in the judicial branch of state government, and that this court, as head of the state judicial hierarchy, is inherently empowered to make the ultimate determination. *In re Lambuth*, 18 Wash. 478, 51 P. 1071 (1898); *In re Robinson*, 48 Wash. 153, 92 P. 929 (1907); *In re Bruen*, 102 Wash. 472, 172 P. 1152 (1918); *In re Olson*, 116 Wash. 186, 198 P. 742 (1921); *In re Levy*, 23 Wn.2d 607, 161 P.2d 651, 162 A.L.R. 805 (1945); *State ex rel. Laughlin v. State Bar Ass'n*, 26 Wn.2d 914, 176 P.2d 301 (1947); *In re Schatz*, 80 Wn.2d 604, 497 P.2d 153 (1972).

In keeping with our inherent power, as well as with our

---

[3]"In all cases where the duties of any county office are greater than can be performed by the person elected to fill it, the officer may employ deputies and other necessary employees with the consent of the board of county commissioners. The board shall fix their compensation and shall require what deputies shall give bond and the amount of bond required from each. The sureties on deputies' bonds must be approved by the board and the premium therefor is a county expense.

"A deputy may perform any act which his principal is authorized to perform. The officer appointing a deputy or other employee shall be responsible for the acts of his appointees upon his official bond and may revoke each appointment at pleasure." RCW 36.16.070.

legislatively recognized authority (RCW 2.48.060),[4] we, upon recommendation of the Board of Governors of the Washington State Bar Association, promulgated and adopted Rule 9 of Admission to Practice Rules, relevant portions of which provide:

RULE 9 Legal interns. A. Admission to Limited Practice as a Legal Intern.

Notwithstanding any provision of any other rule to the contrary, qualified law students, registered law clerks and graduates of approved law schools, upon application and approval in accordance with the requirements set forth in Rule 9B, may be admitted to the status of "legal intern" and may be granted a limited license to engage in the practice of law in any trial court of this state under the direction and supervision of an active member of the Washington State Bar Association who has been actively engaged in the practice of law in the State of Washington or elsewhere as a full-time occupation for at least three years at the time the application is filed. Such supervising and direction of the practice of a legal intern shall be in accordance with the requirements and limitations set forth in Rule 9D.

. . .

C. Scope of Practice by Legal Intern Under the Limited License.

A legal intern shall be authorized to engage in the practice of law, including appearance in the trial courts

---

[4]"The said board of governors shall likewise have power, in its discretion, from time to time to adopt rules, *subject to the approval of the supreme court,* fixing the qualifications, requirements and procedure for admission to the practice of law; and, *with such approval,* to establish from time to time and enforce rules of professional conduct for all members of the state bar; and, *with such approval,* to appoint boards or committees to examine applicants for admission; and, to investigate, prosecute and hear all causes involving discipline, disbarment, suspension or reinstatement, and *make recommendations thereon to the supreme court;* and, *with such approval,* to prescribe rules establishing the procedure for the investigation and hearing of such matters, and establishing county or district agencies to assist therein to the extent provided by such rules: *Provided, however,* That no person who shall have participated in the investigation or prosecution of any such cause shall sit as a member of any board or committee hearing the same." (Italics ours.) RCW 2.48.060.

of this state in civil and criminal matters, as limited by the provisions of this Rule 9.

D. Supervising Attorneys—Requirements.

. . .

(3) The supervising attorney need not be present in the courtroom during the legal intern's appearance in matters before and cases tried in a trial court from the judgment of which there is a right of trial de novo on appeal, except in the representation of a defendant in preliminary criminal hearings. However, if the supervising attorney or an attorney from the same office as the supervising attorney is present, the legal intern may appear in the representation of a defendant in preliminary criminal hearings.

. . .

(5) A judge may exclude a legal intern from active participation in proceedings before the court in the interest of orderly administration of justice or for the protection of a client or witness, and shall thereupon grant a continuance to secure the attendance of the supervising attorney.

(6) No supervising attorney shall have supervision over more than one (1) legal intern at any one time; however, in the case of recognized legal aid, legal assistance, public defender and similar programs furnishing legal assistance to indigents, or of state, county or municipal legal departments, the supervising attorney may have supervision over two (2) legal interns at one time.

It is at once apparent, either expressly or by logical implication, that, under the cited provisions of APR 9, a properly certified legal intern may: (1) engage in the practice of law subject to the limitations imposed; (2) be employed by a state, county, or municipal legal department; (3) except as counsel for a defendant in a preliminary criminal hearing, appear, without the presence of a supervising attorney, and represent a party, including the state, in a civil or criminal proceeding before a court of limited jurisdiction from the judgment of which there is a right of trial de novo on appeal; and (4) subject to a continuance, be excluded, in the interest of the orderly administration of justice, by the trial judge from participation in a proceeding absent a supervising attorney. Standing alone, the pro-

visions of APR 9 would thus appear to fully authorize a legal intern to appear, without the presence of a supervising attorney, and represent the State in a criminal proceeding before the prescribed court.

We recognize, nevertheless, as pointed out in the majority opinion of the Court of Appeals, that Const. art. 11, § 5 impresses upon the legislature the responsibility of defining the qualifications and duties of a county prosecuting attorney. And, we appreciate that, pursuant thereto, the legislature has enacted RCW 36.27.010 and .040, which require that a prosecuting attorney and his deputies be regularly admitted resident attorneys at law, which provisions, in turn, qualify and limit the general authority to employ deputies extended to a prosecuting attorney, as a county elective official, by RCW 36.16.070.

We do not, however, conceive that RCW 36.27.010 and .040 cut across or restrict a prosecuting attorney's authority under RCW 36.16.070 to engage the services of "other necessary employees" to carry out the duties of his office. Since, strictly speaking, a legal intern could not fully qualify as a deputy prosecuting attorney under RCW 36.27.010 and .040, it would appear reasonable to conclude that, if otherwise properly authorized, such a person could fairly be engaged and characterized as a "necessary employee" on a prosecuting attorney's staff.

It is, nonetheless, urged on behalf of Ms. Cook that the language of RCW 36.27.020(3) and (4), requiring a prosecuting attorney or his qualified deputy to "[a]ppear for and represent the state . . ." and "[p]rosecute all criminal and civil actions . . . ," compels the in-court personal presence of the prosecuting attorney or his deputy at Ms. Cook's trial, and, in the prosecutor's absence, precludes the delegation of trial duties to a legal intern subject to the provisions and limitations of APR 9. We cannot agree that the legislature intended such an inflexible and rigid interpretation to be attached to the terms involved.[5]

---

[5]It is now apparent that the legislature fully concurs with our interpretation of these statutory sections. In the 43rd Legislature, 3rd

The words "appear," "represent," and "prosecute" have varying meanings in varied contexts. In the legal lexicon pertaining to judicial proceedings, however, they generally and respectively denote actions related to: (1) a submission to the jurisdiction of a court; (2) the performance of functions pursuant to an attorney-client relationship; and (3) waging a proceeding in court. They do not, in every instance, mandate or necessitate the in-court corporal presence of the principal actor or agent. Given, then, the conditions and limitations of APR 9, we are satisfied a prosecuting attorney fulfills the commands of RCW 36.27.020 (3) and (4) when he permits a legal intern, as an employee in his office, to conduct litigation in a court of limited jurisdiction from which there lies a right of trial de novo on appeal. In this vein, we would again allude to the provision of APR 9 which permits the trial judge, in the interests of justice, to require the attendance of a supervising attorney.

Two issues remain, *i.e.*, the standing of Ms. Cook to challenge, at the time of her trial, the legal intern's authority to proceed, and, whether a reversal of the district court's order of dismissal together with a remand for judgment would amount to double jeopardy. Again, we subscribe to the solutions expressed by Judge Horowitz in his dissenting opinion. *State v. Cook,* 9 Wn. App. 227, 235-37, 512 P.2d 744 (1973).

 The legal intern was authorized to engage in a lim-

---

Extraordinary Session, Engrossed Senate Bills Nos. 2961 and 2962 clarify the utilization of legal interns under RCW 36.27 by prosecuting attorneys and under RCW 35.21 by city attorneys, corporation counsels, and other chief municipal legal officers:

> Notwithstanding any other provision of this chapter, nothing in this chapter shall be deemed to prevent a prosecuting attorney from employing legal interns as otherwise authorized by statute or court rule.

Laws of 1974, 1st Ex. Sess., ch. 6, § 1.

> Notwithstanding any other provision of law, the city attorney, corporation counsel, or other chief legal officer of any city or town may employ legal interns as otherwise authorized by statute or court rule.

Laws of 1974, 1st Ex. Sess., ch. 7, § 1.

ited practice of law under license issued by this court, and he was acting under color of his appointment by the prosecuting attorney. His status, therefore, was, at the minimum, that of a de facto officer or appointee. The defendant's motion to dismiss thereby became an impermissible collateral attack upon his authority. This conclusion is mandated, by analogy, by those cases refusing to permit a collateral attack upon the authority of a de facto public official to act, whether the latter be a private attorney, a judge, a prosecuting attorney, or other de facto officer. *State v. Carroll,* 81 Wn.2d 95, 500 P.2d 115 (1972); *State v. Gibson,* 79 Wn.2d 856, 490 P.2d 874 (1971); *State v. Britton,* 27 Wn.2d 336, 178 P.2d 341 (1947); *State v. Fountain,* 14 Wash. 236, 44 P. 270 (1896); *State v. Franks,* 7 Wn. App. 594, 501 P.2d 622 (1972); *Call v. Commonwealth,* 482 S.W.2d 770 (Ky. Ct. App. 1972); *Pamanet v. State,* 49 Wis. 2d 501, 182 N.W.2d 459 (1971); *Petition of Dusablon,* 126 Vt. 362, 230 A.2d 797 (1967); *Baker v. State,* 368 S.W.2d 627 (Tex. Crim. App. 1963). Under the rule forbidding collateral attack, it is not for an accused to select his prosecutor. *People v. Lanni,* 10 Misc. 2d 42, 168 N.Y.S.2d 35 (1957).

 The second persuasive reason for our denial of standing to Ms. Cook is the absence of prejudice to her at trial. The only reasonable prejudicial basis she has posited before us is the legal intern's lack of authority to plea bargain with her attorney. This contention was fully answered by Judge Horowitz when he stated:

> If she claims the legal intern, unlike the prosecuting attorney or his deputy, did not have the power to recommend a dismissal or reduction in the charge and that she was prejudiced thereby, she has failed to show that she would have been entitled to such a recommendation and that the use of the legal intern prevented her from obtaining it. It is to be remembered that a prosecuting attorney or his deputy has no authority himself to dismiss or reduce a pending charge. He can only recommend such a remedy to the court for its approval.

(Citation omitted.) *State v. Cook, supra* at 236-37.

In any event, Ms. Cook is protected by her remedy of appeal, whether the State was represented by a fully-licensed or partially-but-sufficiently-licensed representative in the trial of the case. *See Baker v. State, supra,* and *State v. Gibson, supra.* We therefore find no reason for granting the defendant standing to object to the authority of the legal intern to represent the State in this case.

■ Finally, Ms. Cook urges that when the district court judge ordered the trial to proceed while he considered her motion to dismiss, she was placed in jeopardy under the rule that jeopardy attaches after the first witness is sworn. *State v. Ridgley,* 70 Wn.2d 555, 424 P.2d 632 (1967). In this connection, it is to be noted that the dismissal by the district court was on the defendant's own motion and by her consent. By such consent and motion, we are satisfied that she waived her right to a claim of former jeopardy. *Johnson v. Cranor,* 43 Wn.2d 200, 260 P.2d 873 (1953), *cert. denied, Johnson v. Delmore,* 348 U.S. 902, 99 L. Ed. 709, 75 S. Ct. 226 (1954); *Seattle v. Mathewson,* 194 Wash. 350, 78 P.2d 168 (1938). In addition, the dismissal granted here was clearly an excessive sanction, especially if the dismissal was intended to be with prejudice. *See Eggan v. State,* 4 Wn. App. 384, 386, 481 P.2d 571 (1971).

The proper procedure to have been applied here was noted by Judge Horowitz:

> At the time defendant's motion for dismissal was made, the court could have granted a short continuance and then, upon determining the legal intern was not authorized to represent the state and that defendant had standing to raise the question, the court could have granted a further continuance until the supervisor could appear to conduct the trial.

*State v. Cook, supra* at 238.

The judgment of the Court of Appeals is reversed, and this cause is remanded to the district court with directions

to enter a judgment based upon the evidence already presented during the trial of the cause.

FINLEY, STAFFORD, WRIGHT, UTTER, and BRACHTENBACH, JJ., concur.

HALE, C.J. (concurring only in the result)—At the time this appeal was heard, the statute prescribed that no one not a member of the bar of this court could serve as prosecuting attorney:

> No person shall be eligible to the office of prosecuting attorney in any county of this state, unless he is a qualified elector therein, and has been admitted as an attorney and counselor of the courts of this state.

RCW 36.27.010. Deputy prosecuting attorneys were given the same power and authority as the prosecuting attorney and were required to be members of the bar in a statute declaring that "Each deputy thus appointed shall have the same qualifications required of the prosecuting attorney." RCW 36.27.040. Because the prosecuting attorney and his deputies hold offices created by the state constitution, they are in law public officials. Const. art. 11, § 5.

Since the prosecuting attorney and his deputies hold public offices and their qualifications are prescribed by statute under the constitution, it follows that the courts are and should be without power to either abrogate or enhance the power and authority of prosecuting attorneys and their deputies, or to establish other and different public offices with either the authority or power to fulfill the functions of prosecuting attorneys and deputy prosecuting attorneys.

Accordingly, this court cannot, within the lawful exercise of its judicial power, create the office of prosecuting attorney, or one like it, nor can it authorize such office to be filled by persons who do not possess the qualifications prescribed by statute for that office. I would, therefore, reject the rationale of the majority opinion and hold that the statute requiring that prosecuting attorneys and their deputies must be members of the bar be upheld and that this court is without power to prescribe lesser qualifications or to otherwise amend such statutes.

The major issue presented by this appeal, however, in my judgment, has been mooted by the enactment of Laws of 1974, 1st Ex. Sess., ch. 6, § 1, which provides, *inter alia*:

Notwithstanding any other provision of this chapter, nothing in this chapter shall be deemed to prevent a prosecuting attorney from employing legal interns as otherwise authorized by statute or court rule.

This statute, at least prima facie, does, I think, enable prosecuting attorneys to authorize legal interns to handle cases in courts of limited jurisdiction in accordance with the rules of this court.

Accordingly, I concur only in the result of the court's opinion.

ROSELLINI and HUNTER, JJ., concur with HALE, C.J.