[No. 4447-1.   Division One.   July 19, 1976.]

THE CITY OF EVERSON, *Appellant*, v. HARRY B. ASSINK, *Respondent*.

*Lecocq, Simonarson, Visser & Johnson, Jerry L. Johnson,* and *Martin F. Muench,* for appellant.

*Burks, Bell & Kirkpatrick* and *Robert Burks,* for respondent.

ANDERSEN, J.—

## FACTS OF CASE

The Superior Court for Whatcom County held that the town marshal of Everson, Washington, could not represent the town as its trial attorney in a criminal proceeding and the town appeals.[1]

---

[1]Everson, Washington had a 1970 census population of 633. Under the general statutory classification of this state's municipal corporations, it is thereby considered to be a municipal corporation of the fourth class and is designated a town. RCW 35.01.040; RCW 35.27.010.

Subsequent to the enactment of the optional municipal code (Code), RCW Title 35A, Everson elected to be governed under the provisions of the Code as a noncharter code city. RCW 35A.01.020.

The enactment of the Code, however, left intact much of the previous body of statutory law relating to cities and towns. As to that, the Code specifically provides that the municipal powers conferred by the existing statutes would be supplementary to the additional powers granted by the Code. RCW 35A.01.010.

The present case involves our consideration of statutes predating the

The issue arose in this fashion.

In the early morning hours of May 4, 1974, Harry B. Assink was driving home from the Everson Tavern. He was observed by the town marshal driving his car down the center of Main Street at a speed of 2 m.p.h. After Mr. Assink twice signaled for a left turn and twice turned right, he was stopped, questioned as to the state of his sobriety and then placed under arrest.

A Breathalyzer test administered to Mr. Assink showed a reading of 0.21[2] and a check of his past driving record demonstrated that he had some previous familiarity with the situation in which he found himself that morning.

The marshal thereupon issued a Washington Uniform Traffic Complaint and Citation. JTR 2.01. It charged Mr. Assink (hereinafter the defendant) with driving while under the influence of intoxicating liquor and cited him into the Municipal Court of Everson.

At the time set for trial, the defendant appeared with legal counsel and the town marshal appeared to handle the trial before the municipal judge, as well as to testify. Defense counsel objected to the marshal serving as both town attorney and chief witness and moved to dismiss the case. A continuance was granted while the judge took the motion under advisement. In due course, the motion was denied and the case went to trial. The defendant was convicted of the offense charged and appealed to the superior court.

When the case was called for a trial de novo in the superior court, the marshal again appeared to handle the trial in superior court, as well as to testify, and defense counsel again objected and moved to dismiss. This time the

Code, and under which Everson is referred to as a town, the head of its police department as the town marshal and its attorney as the town attorney. RCW 35.27.070; RCW 35.27.240; RCW 35.27.250.

Thus it is that Everson was entirely correct in denominating itself a "city" when it entitled and commenced this action. In the course of this opinion, however, we will refer to Everson as a "town" since that is what it is in the contemplation of the statutes which we consider determinative of this case.

[2] 0.21 percent of blood alcohol by weight. See RCW 46.61.506.

objection was sustained, and the town attorney not appearing after having been given ample opportunity to do so, the charge against the defendant was dismissed.[3] Thereupon the town appealed to this court.

There is but one basic issue in this case.

## ISSUE

In the absence of the town attorney, can a town marshal represent the town as trial attorney in the trial of a criminal case?

## DECISION

A town marshal or other police officer cannot represent a town as trial attorney in a court of law. Only the town attorney, another authorized attorney licensed to practice law in this State, or a certified legal intern may do so.

The statute empowering the town marshal to serve also contains a simple and clear call to duty—the purity of its expression almost unchanged from the time of its enactment in the past century.[4] It admonishes the marshal to preserve the public peace, grants him the authority to do so, and gives him the legal tools he needs to accomplish the job. RCW 35.27.240.[5]

---

[3]It is apparent that the absence of the town attorney at the time of trial in municipal court, and again in the superior court, was not due to any delinquency or neglect on his part. To the contrary, the record and arguments of respective counsel before this court establish the opposite. At all times herein, the town attorney acted diligently on behalf of his client, the town, and its taxpayers in an effort to save them the added expense of retaining him to represent the town in cases such as the present one.

[4]Laws of 1889, ch. 7, § 172, p. 213.

[5]"The department of police in a town shall be under the direction and control of the marshal subject to the direction of the mayor. He shall *prosecute* before the police justice all violations of town ordinances which come to his knowledge. He shall have charge of the prison and prisoners. He may pursue and arrest violators of town ordinances beyond the town limits..

"His lawful orders shall be promptly executed by deputies, police officers and watchmen. Every citizen shall lend him aid, when required, for the arrest of offenders and maintenance of public order. He may appoint, subject to the approval of the mayor, one or more deputies, for whose acts he and his bondsmen shall be responsible, whose compensation shall be fixed by the council. With the concurrence of the mayor,

■ The town attorney directs to our attention the words of the statute providing that the town marshal "shall prosecute before the police justice all violations of town ordinances which come to his knowledge." RCW 35.27.240. (See footnote 5.) He argues from this that the marshal is authorized thereby to handle the trial of such cases as though he were a town attorney or prosecuting attorney. We disagree for two reasons.

The word "prosecute" has various meanings in various contexts. *State v. Cook*, 84 Wn.2d 342, 349, 525 P.2d 761 (1974). In our opinion the word "prosecute" in RCW 35.27.240 is used in the sense of one instituting legal proceedings with reference to a crime. *Webster's Third New International Dictionary* 1820 (1969). The statute does not extend to the town marshal the authority to take charge of a criminal case and perform the functions of trial lawyer for the town. So far as the trial of cases is concerned, it simply obligates and authorizes the marshal to institute and prosecute criminal offenders through the regular channels of the law. *See State v. Snelson*, 13 Okla. Crim. 88, 162 P. 444 (1917).

Furthermore, ever since the case of *In re Lambuth*, 18 Wash. 478, 51 P. 1071 (1898), it has been the settled law of this State that the judicial branch of state government is *exclusively* vested with the authority to determine who may appear as legal counsel in its courts. Moreover, the State Supreme Court, as head of the state judicial branch, has the inherent power to make the ultimate determination in this regard. *State v. Cook, supra* at 345.

Under the rules promulgated by our State Supreme Court, no person can appear as attorney or counsel in any

he may appoint additional policemen for one day only when necessary for the preservation of public order.

"He shall have the same authority as that conferred upon sheriffs for the suppression of any riot, public tumult, disturbance of the peace, or resistance against the laws or public authorities in the lawful exercise of their functions and shall be entitled to the same protection.

"He shall execute and return all process issued and directed to him by any legal authority and for his services shall receive the same fees as are paid to constables. He shall perform such other services as the council by ordinance may require." (Italics ours.) RCW 35.27.240.

of the courts of this state unless he or she is an active member of the state bar. APR 7(A)(1).[6] There are some carefully limited exceptions to this rule. Notable among them is the use of certified legal interns operating under the supervision of an active member of the state bar and subject to other designated conditions and limitations specified by court rule. APR 9; *State v. Cook, supra* at 345; RCW 35.21.760.

Thus, neither the town marshal nor any other police officer was authorized to represent the town of Everson as trial attorney in a court of law.[7]

None of this is to say that under our judicial system, criminal cases may not be handled in more summary fashion for less serious criminal offenses. *Hendrix v. Seattle*, 76 Wn.2d 142, 152, 456 P.2d 696 (1969); *Eggan v. State*, 4 Wn. App. 384, 385, 481 P.2d 571 (1971). As our courts have expressed it:

> Indeed, the need for courts so organized as to be capable of trying the less serious criminal offenses with dispatch seems more imperative today than in our early days.

*Hendrix v. Seattle, supra* at 153; *Eggan v. State, supra* at 387.

In a district justice court, municipal court, or police court trial of less serious criminal offenses, the absence of the city attorney or prosecuting attorney does not ipso facto entitle the defendant to a dismissal of the charges against him. We so held in a case where at the trial of a disorderly conduct case, the judge merely asked the complaining witness to "tell his story." *Eggan v. State, supra.*

Where only the officer, defendant, or other witnesses appear in a case involving a less serious criminal offense in

---

[6] A statute also provides, subject to certain exceptions:

"No person shall practice law in this state . . . unless he shall be an active member [of the state bar] . . . " RCW 2.48.170.

[7] *See also* Attorney General Opinion, October 3, 1975. Furthermore, the town marshal of Everson not being a licensed attorney, we see no necessity to speculate as to what possible effect such a happenstance might have on our conclusion herein.

district justice court, municipal court, or police court, it is common practice for the judge to simply hear out both sides and then decide the case. The rules extend considerable discretion to those courts in such matters. JCrR 4.01.

If a defendant were to appear with counsel and move for dismissal based on the absence of the town attorney, city attorney, or prosecuting attorney, a forthwith dismissal by the judge would be an excessive sanction, especially if it were with prejudice. *State v. Cook, supra* at 351. The proper procedure in such cases is for the judge to grant a reasonable continuance to permit the town attorney, city attorney, or prosecutor to appear and conduct the trial. *State v. Cook, supra. See also Eggan v. State, supra* at 386. In some areas, district justice courts, municipal courts, and police courts customarily set special contested case calendars for the convenience of all concerned, and contested cases are then automatically set down to be tried on such calendars.

Based on the refusal by the town attorney to appear and represent the town, after having been given ample opportunity to do so, the superior court was warranted in dismissing the charge against the defendant as it did.

The superior court's judgment of dismissal is affirmed.

WILLIAMS, C.J., and CALLOW, J., concur.