[No. 783. Decided July 11, 1893.]

COLUMBIA AND PUGET SOUND RAILROAD COMPANY, *Respondent*, v. A. CHILBERG, *Treasurer of the City of Seattle*, *Appellant*.

TAXATION — GROSS EARNINGS LAW — EXEMPTION OF RAILROAD PROPERTY — CONSTITUTIONAL LAW — ASSESSMENT BY MUNICIPAL CORPORATIONS.

The act of November 28, 1883, known as the "gross earnings law," which exempted railroad property from taxation and substituted a tax upon the gross earnings of the railroads, was not in conflict with §1924 of the organic act, requiring all taxes to be equal and uniform, and that no distinction be made in the assessments between different kinds of property.

Under said act all the property of the railroads was exempted, whether actually used in the operation of the roads or not.

Where the charter of a city limited its right to impose taxes upon all property within the city to that "taxable for territorial and county purposes," the city had no right to impose taxes upon a railroad whose property was exempted by territorial law.

*Appeal from Superior Court, King County.*

*George Donworth*, and *James B. Howe*, for appellant.

*Andrew F. Burleigh*, for respondent.

The opinion of the court was delivered by

HOYT, J.—It is contended on the part of the appellant that the act of November 28, 1883, commonly known as

the gross earnings law, was void, for the reason that it was in conflict with the organic law of the territory. The provision of the organic act, which it is claimed was violated in its enactment, was as follows:

"All taxes shall be equal and uniform, and no distinctions shall be made in the assessments between different kinds of property, but the assessments shall be according to the value of the property."

If the legislation in question established a different rule of taxation as to any class of property from that by virtue of which taxes are imposed upon other classes, it was void by reason of such conflict. Such, however, is not the necessary construction of the act in question. A more reasonable interpretation thereof is, that it did not attempt to prescribe any rule of taxation. Under this provision in the organic act there can be no doubt of the right of the legislative assembly to exempt the property of any person or corporation. Such has been the holding of nearly or quite all of the courts of the different states, under constitutional provisions requiring assessments to be according to value as broad and full as the clause of the organic act above set out. It must, therefore, under the authorities, be held that, under said provision, it was within the power of the legislative assembly to have entirely exempted the property of all railroad corporations from taxation. And if this could be done without any consideration being received therefor, it certainly could be for what was deemed by the legislature a sufficient consideration. It must, therefore, be held that the act in question was not void by reason of its conflict with the provisions of the organic act.

It is further claimed on the part of the appellant that, if the law is valid, it did not exempt other property of the corporation than that actually used in its operation. We think, however, that the language used is so broad that it must be held to cover all of the property of the corpora-

tions entitled to the benefits of the act. The cases cited
by appellant upon this branch of the case would be deci-
sive of the question, if the language used by the legislature
had been such as to leave room for any interpretation
thereof by the courts, but the language of the act is so
broad and certain that, the power of the legislature once
being conceded, there is no room for holding otherwise than
that the act exempted all of such property.

The appellant further contends that, even although the act
is valid, and that for that reason the property was not liable
to assessment for territorial and county purposes, it should
still be held that the exemption did not extend to taxes
sought to be imposed by municipal corporations by virtue
of the powers conferred upon them in their charters. If
the charter of the city of Seattle had made use of the broad
language cited in the brief of the appellant, without any
qualification thereof, there would be much force in this con-
tention, but in the charter of said city the broad language
by which it is given the right to impose taxes upon all
property, both real and personal, within the city, is limited
by this pertinent clause, "which is by law taxable for ter-
ritorial and county purposes," and when so limited it
affords no foundation whatever for this contention of ap-
pellant. The city derived all its power to impose taxes
upon any property by virtue of the express provision of
its charter, and, when such express provision contained as
a part thereof a clause which limited the property which
might be so taxed to that which was by law taxable for
territorial and county purposes, it follows that whenever
any class of property was by law exempted from taxation
for territorial and county purposes the city was, by the
terms of its own charter, deprived of any power to impose
taxes thereon. There is, therefore, no foundation for the
application of the rule, that a general statute will not ordi-
narily affect or repeal a special statute, upon which the ap-

pellant founded its argument upon this branch of the case. We feel compelled to hold that the law was valid; that it covered all the property of the corporation respondent, and that it exempted the same, not only from territorial and county taxes, but that by virtue of such exemption the city of Seattle was deprived of the right to impose any taxes thereon by the provisions of its own charter.

The judgment must be affirmed.

DUNBAR, C. J., and ANDERS, SCOTT and STILES, JJ., concur.