HUMPHRIES *v.* CARTER.

*(Nashville,* December Term, 1937.)

Opinion filed Feb. 12, 1938.

JOHN W. PALMER and G. P. DOUGLASS, both of Memphis, for appellant.

F. H. GAILOR, of Memphis, for appellee.

MR. JUSTICE COOK delivered the opinion of the Court.

The defendant, county court clerk of Shelby county, required complainant to pay the privilege tax imposed on each person operating a nursery, or operating a greenhouse by article 2, section 1, item 40, chapter 108, the Revenue Law of 1937. The tax was paid under protest, and the bill filed to recover under Code, section 1790. The chancellor sustained defendant's demurrer, and complainant appealed.

It is insisted that the decree of the chancellor should be reversed (1) because the act does not extend to complainant's use of her land for the production of plants and shrubs; (2) a contrary construction of the act would result in taxation of products of the soil contrary to article 2, section 28 of the Constitution; (3) and any taxation of the use of her land in addition to the imposition of a direct tax would result in double taxation contrary to the requirement of equality of taxation.

It appears from statements of the bill, which are to be taken as true, that complainant owned a house and lot in Memphis, where she resides with her family. She pays a property tax of $35 a year on the lot. To aid in supporting her family, she uses a portion of the lot for

the production of plants and shrubs, some of which are propagated in a greenhouse 10 feet wide and 64 feet long. This, she alleges, is an outbuilding on her lot, a part of the lot; that she uses it solely in starting the less hardy plants which are later transplanted in the open soil and developed for sale to persons who come to her premises, select them, and carry them away. The gross receipts from such sales do not exceed $500 a year.

After the court construed chapter 13, article 3, section 1, Pub. Acts (2 Ed.), Extra Sess. 1931, in the case of *Doran* v. *Crenshaw,* 166 Tenn., 346, 61 S. W. (2d), 469, and held that the provision taxing dealers in flowers did not extend to persons who produced plants for sale, the Legislature broadened the language by declaring it a taxable privilege, and by taxing, not only those who sell cutflowers and potted plants at a regular place of business, but also imposed a tax upon each person operating a nursery or operating a greenhouse.

██ Privileges embrace any and all such occupations that the Legislature may in its discretion declare to be privileges and tax as such. *State* v. *Schlier,* 50 Tenn. (3 Heisk.), 281; *Kurth* v. *State,* 86 Tenn., 134, 5 S. W., 593; *Railroad Co.* v. *Harris,* 99 Tenn., 684, 702, 43 S. W., 115, 53 L. R. A., 921; *Bank of Commerce & Trust Co.* v. *Senter,* 149 Tenn., 569, 260 S. W., 144; *Foster & Creighton Co.* v. *Graham,* 154 Tenn., 412, 285 S. W., 570, 47 A. L. R., 971.

██ The privilege tax levied by the related provision of the Act of 1937 is not upon complainant's property nor upon its use, but upon the privilege of operating a greenhouse or nursery. The tax is upon those activities, and not upon the product, and therefore not prohibited by article 2, section 28 of the Constitution.

*General Refining & Producing Co.* v. *Davidson County,* 139 Tenn., 401, 201 S. W., 737, referred to by complainant, involved the construction of the act, and not the power of the Legislature to levy a privilege tax upon the maintenance of storage tanks by the manufacturers, and so in *Foster & Creighton* v. *Graham, supra,* and *Quick Service Tire Co.* v. *Smith,* 156 Tenn., 96, 299 S. W., 807. In those cases the result was dependent upon the intention expressed by the Taxing Act, and not upon any limitation of the power to impose the tax, as shown by the concluding paragraph of the opinion in *General Refining & Producing Co.* v. *Davidson County, supra.*

The policy of taxing persons of small means whose industry and enterprise induce them to use their meager means to produce a living income involves legislative policy beyond power of interference or control by the courts.

Affirmed.