[No. 28304. Department One. December 15, 1941.]

E. E. VINUP et al., *Respondents*, v. THE CITY OF SEATTLE et al., *Appellants.*[1]

[1]Reported in 120 P. (2d) 464.

A. C. Van Soelen, John E. Sanders, and Tom M. Alderson, for appellants.

Clarke, Heussy & Lemargie, and Jerome K. Kuykendall, for respondents.

DRIVER, J.—Plaintiffs, who operate a gasoline service station in the city of Seattle, brought this action to enjoin the city and its comptroller from collecting the license fee prescribed by the city's license code (ordinance No. 48022) as follows:

"Sec. 149. 'GASOLINE STATION' DEFINED: The term 'Gasoline Station' as used in this ordinance, shall mean and include every place where gasoline pumps (or other gasoline measuring devices) are maintained or used for any purpose. . . .

"Sec. 150. GASOLINE STATION LICENSE: It shall be unlawful for any person to operate any gasoline station without having a valid and subsisting license for such station, to be known as a 'Gasoline Station License.' The fee for a gasoline station license shall be and the same is hereby fixed at the sum of Seven and 50/100 Dollars ($7.50) per annum for each pump (or other gasoline measuring device) used or maintained at such gasoline station. . . ."

The ordinance in question, as it stood at the time the suit was instituted, provided that it should be deemed an exercise of the police power, but, before the filing of plaintiffs' amended complaint, that particular provision was amended so as to declare that the license fee "may be for regulation and/or revenue." The case

was tried in the lower court on the theory that the license fee involved the exercise of both the police power and the taxing power of the city. However, the trial court found, and the record supports the finding, that the aggregate amount of the fees collected by the city greatly exceeded the cost of inspection and regulation, and the court, therefore, correctly concluded that the measure could not be sustained as a regulation under the police power. 37 C. J. 190, § 41; 1 Cooley on Taxation (4th ed.), p. 102, § 29; *Stull v. DeMattos,* 23 Wash. 71, 62 Pac. 451, 51 L. R. A. 892.

The trial court also concluded that the ordinance was invalid as a revenue measure because of the following language of chapter 58, Laws of 1933, p. 326, § 23 (Rem. Rev. Stat. (Sup.), § 8327-23 [P. C. § 7068-93]):

"The tax herein levied is in lieu of any excise, privilege or occupational tax upon the business of manufacturing, selling or distributing motor vehicle fuel, and no city, village, town, county, township or other subdivision or municipal corporation of the state shall levy or collect any excise tax upon or measured by the sale, receipt, distribution or use of motor vehicle fuel."

From a decree granting the plaintiffs a permanent injunction, the defendants have appealed.

■ It is conceded that, in the absence of some direct or indirect statutory prohibition, the appellant city has the power to impose upon gasoline stations a license tax for revenue for the privilege of doing business within its limits. *Pacific Tel. & Tel. Co. v. Seattle,* 172 Wash. 649, 653, 21 P. (2d) 721, and cases therein cited. The sole question presented for determination, then, is whether or not, by § 23 of the gasoline tax act, the statutory provision above quoted, the state has preempted the field of taxation which the city undertook to invade by its ordinance exacting the gasoline station license tax.

■ Section 23 of the state statute has two parts,

first, what may be called the introductory clause, and, second, the prohibitory clause. The former recites or explains the scope or field of the tax "herein levied," while the latter forbids the imposition of a similar tax by any enumerated municipality. These two clauses, which form the only sentence in the section, complement each other, and, we think, should be considered and construed together. So considering them, giving to their language its plain and ordinary meaning, we think the two clauses should be read as follows, interjecting the words printed in italics to bring out what appears to us to have been the intention of the legislature:

*(1)* The tax herein levied is in lieu, *place or stead and covers the field* of any excise, privilege or occupational tax upon the business of manufacturing, selling or distributing motor vehicle fuel, and, *therefore, (2)* no city . . . shall *invade such field of taxation and* levy or collect any excise tax upon or measured by the sale, receipt, distribution or use of motor vehicle fuel.

The gasoline station license fee provided for in the city's license code is an excise tax under the decisions of this court and according to the generally accepted definition of the term. *Pacific Tel. & Tel. Co. v. Seattle, supra; Puget Sound Power & Light Co. v. Seattle,* 172 Wash. 668, 21 P. (2d) 727; *State ex rel. Stiner v. Yelle,* 174 Wash. 402, 25 P. (2d) 91. Judge Cooley's well-known and often quoted definition of the term "excises," which appears in his Constitutional Limitations, Vol. 2 (8th ed.), p. 988, and in his work on Taxation, Vol. 1 (4th ed.), p. 127, § 42, is " ' . . . taxes laid upon the manufacture, sale or consumption of commodities within the country, upon licenses to pursue certain occupations, and upon corporate privileges.' "

Speaking for the court in *Maine v. Grand Trunk Ry.*

*Co.,* 142 U. S. 217, 227, 35 L. Ed. 994, 12 S. Ct. 121, Mr. Justice Field observed:

"The designation [excise tax] does not always indicate merely an inland imposition or duty on the consumption of commodities, *but often denotes an impost for a license to pursue certain callings, or to deal in special commodities, or to exercise particular franchises. It is used more frequently, in this country, in the latter sense than in any other.*" (Italics ours.)

The city ordinance under consideration (§ 149) defines gasoline station as "every place where gasoline pumps (or other gasoline measuring devices) are maintained or used for any purpose," and forbids any person to operate such a station without having first paid the required license fee. In other words, every person who operates a station for the sale and distribution of gasoline in the city of Seattle must pay the license fee. The fee, therefore, constitutes a tax burden upon the business of selling and distributing gasoline and encroaches upon a field of taxation which the state, by § 23 of the gasoline tax act, has forbidden a city to enter.

Appellants pose the question why the legislature did not definitely and in plain terms prohibit municipalities from levying excise taxes on the business of manufacturing, selling, or distributing motor vehicle fuel if it intended to pre-empt that field of taxation. "The legislature could have used simple language and no question could arise," the appellants state in their brief.

The obvious answer to appellants' question, substantiated by innumerable judicial decisions, is that, unfortunately, legislatures do not always say what they mean in plain, clear, and unequivocal language.

Appellants maintain that the two clauses of § 23 referred to should be considered separately, and that the first one was designed to apply to the state *only,*

and *only* the second one to municipalities. In other words, appellants say, it was the legislative intent to declare by the first clause that, since the tax was *in lieu* of the taxes mentioned, thenceforth, the state would not impose any excise, privilege, or occupational tax upon the business of manufacturing, selling, or distributing motor vehicle fuel. It does not seem reasonable or logical to assume that the lawmakers intended by the first clause of § 23 to impose upon the state a limitation or prohibition which, as they must have known, would not have even bound the legislature which enacted it, much less any future legislature. Nor do we think the clause can reasonably be considered as a mere informative declaration of legislative policy intended to apply only to the state. Such a declaration in a legislative enactment is not uncommon, but, almost invariably, it appears at the beginning of a statute, not near its close. Section 23 is almost at the end of the gasoline tax act.

It is our conclusion that appellant city's gasoline station licensing ordinance is invalid because it invades a tax field which has been expressly pre-empted by the state.

Judgment affirmed.

ROBINSON, C. J., MAIN, STEINERT, and BLAKE, JJ., concur.