**Welton S. HILL, Plaintiff,**

**v.**

**NATIONAL AUTO GLASS CO., Inc., Peninsula Glass Distributors, Jack Simon, and Allstate Insurance Company, Defendants.**

**No. 49947.**

United States District Court
N. D. California.

Dec. 5, 1968.

Broad, Busterud & Khourie, Michael N. Khourie, Bruce Jacobs, San Francis-

19. It should be noted that Dankmeyer did not take the stand.

**296**

co, Cal., and Norman B. Hendricks, Walnut Creek, Cal., for plaintiff.

E. D. Bronson and Charles A. Legge, Bronson, Bronson & McKinnon San Francisco, Cal., for Allstate Ins. Co.

## ORDER DENYING MOTION TO DISMISS

WOLLENBERG, District Judge.

Plaintiff is in the business of installing and servicing automobile glass, and his suit charges Count II of the several defendants with boycott activities directed against him. Defendant Allstate Insurance Company ("Allstate"), which is involved in the business of writing insurance and adjusting claims in the automobile casualty insurance field, is alleged to be transacting business within California and it is alleged that Allstate makes arrangements on behalf of its assureds and claimants for the sale, installation, and service of automobile glass. Count II of the complaint alleges that in making the above mentioned arrangements, Allstate has conspired with the other defendants in boycotting plaintiff's business, in violation of Sections 16700–16758 and 17000–17096 of the California Business and Professions Code.

Defendant Allstate has moved to dismiss Count II of the complaint, contending first that the alleged activity by Allstate which is dealt with in the complaint constitutes part of the "business of insurance" and hence is within the express coverage of the McCarran-Ferguson Act, 15 U.S.C. § 1011 et seq., and contending next that Section 1013(b) of the act makes the Sherman Act, 15 U.S.C. §§ 1–7, pre-emptive of any state regulation of boycott activity falling within the "business of insurance."

■■ Neither party to this motion has been able to discover any indication as to whether Congress considered the particular activity of Allstate which is involved here to be a part of the "business of insurance." While the settlement of claims by the payment of money could certainly be considered to reasonably fall within the general meaning of "business of insurance," it does not seem to this court that the alleged activity involved here, namely, securing for particular glass dealers the sales and installation jobs required by Allstate claimants, is a part of the "business of insurance" as that term is normally understood. It seems, therefore, that Congress did not intend the McCarran-Ferguson Act, including Section 1013(b), to apply to regulation of the activity involved here, and there is no need to consider whether or not Section 1013(b) pre-empted for the federal government antitrust regulation in this area.

Counsel for Allstate concedes in a memorandum that in general both state and federal antitrust laws have been allowed to share the field of regulation. The above discussion leads to the conclusion that Allstate's alleged activity here falls within this sphere of amicable federalism, and Count II of the complaint must be allowed to stand.

The motion to dismiss Count II of the complaint is denied.