[No. 42799. En Banc. April 11, 1974.]

P. LORILLARD COMPANY, *Respondent*, v. THE CITY OF SEATTLE, *Petitioner*.

*A. L. Newbould, Corporation Counsel,* and *Jorgen G. Bader* and *E. Neal King, Assistants,* for petitioner.

*Williams, Lanza, Kastner & Gibbs,* by *DeWitt Williams* and *Robert I. Betts,* for respondent.

BRACHTENBACH, J.—Plaintiff, P. Lorillard Company, is a wholesaler of cigarettes which are distributed from storage in a public warehouse in Seattle. Defendant, the City of Seattle, assessed taxes against plaintiff in the amount of $17,066.45, based upon section 3(c) of Seattle Ordinance 72630. That ordinance levies a business and occupation tax for the privilege of engaging in business activity within the city. Section 3(c) levies a tax upon sales at wholesale with the measure of the tax being the gross proceeds of such sales.

Plaintiff paid the taxes under protest and brought this suit for refund. The trial court granted judgment for the plaintiff on the ground that the state, by statute, had preempted the taxation of cigarettes. The Court of Appeals affirmed, *P. Lorillard Co. v. Seattle,* 8 Wn. App. 510, 507 P.2d 1212 (1973), and we granted review.

The sole issue presented is the interpretation of RCW 82.02.020 which, during the relevant period, provided:

*The state preempts the field of imposing taxes upon*

retail sales of tangible personal property, the use of tangible personal property, conveyances, and *cigarettes, and no* county, town, or other *municipal subdivision shall* have the right to *impose taxes of that nature.*

(Italics ours.)

We must ascertain whether the state tax on cigarettes is of the same *nature* as the defendant's business and occupation tax on wholesalers, for it is only taxes of the same nature which are preempted. Plaintiff argues that the city's tax is an excise tax and that the state tax on cigarettes imposed by RCW 82.24 is also an excise tax; it concludes that the taxes are, therefore, of the same nature and that the state has preempted the field. We agree that both fall within the broad class denominated as excise taxes. A business and occupation privilege tax is recognized as an excise. 1 C. Nichols, Cooley, *The Law of Taxation* § 42, at 127 (4th ed. 1924). Similarly, the state cigarette tax imposed under chapter 82.24 falls within Title 82, Excise Taxes, and is specifically referred to as an excise tax by RCW 73.32.130.

However, the inquiry cannot stop there. As in so many areas of the law, merely throwing the problem into a conceptually labeled barrel does not provide the solution. We must determine whether all excise taxes are so identical as to be of the same "nature," as required by the preemption statute. Therefore we must go beyond labels to determine the true legal nature or character of the tax.

Various words and phrases have been used by courts in describing the factors which should be considered in making such a determination. Perhaps the most cited case is *Dawson v. Kentucky Distilleries & Warehouse Co.*, 255 U.S. 288, 65 L. Ed. 638, 41 S. Ct. 272 (1920), wherein Mr. Justice Brandeis stated that the character of a tax is determined by its "incidents." Our own cases use the same word. *Jensen v. Henneford,* 185 Wash. 209, 53 P.2d 607 (1936).

It has been said that the incidence of a tax embraces the subject matter and the measure that is the base or yardstick by which the tax is applied. *Commonwealth v. Na-*

*tional Biscuit Co.,* 390 Pa. 642, 136 A.2d 821 (1957), *appeal dismissed,* 357 U.S. 571, 2 L. Ed. 2d 1547, 78 S. Ct. 1383 (1958). Other cases suggest that the guideline is the "true operation and effect of the law . . . on the basis of the practical results which follow its operation," *Aberdeen Sav. & Loan Ass'n v. Chase,* 157 Wash. 351, 364, 289 P. 536, 290 P. 697, 71 A.L.R. 232 (1930), or its "incidents, and . . . the natural and legal effect of the language employed in the statute." *Ingels v. Riley,* 5 Cal. 2d 154, 159, 53 P.2d 939 (1936).

■ We approve of and adopt the criteria for determining the incidence of a tax suggested by the Pennsylvania court in *Commonwealth v. National Biscuit Co., supra:* that is, the subject matter and measure of the tax. In essence this means that we must determine who is being taxed, what is being taxed and how the tax is measured.

■ With these guideposts in mind, we turn to the state tax on cigarettes. The principal state tax is levied by RCW 82.24.020:

> There is levied and there shall be collected as hereinafter provided, a tax upon the sale, use, consumption, handling, possession or distribution of all cigarettes, in an amount equal to the rate of six and one-half mills per cigarette.

(Subsequent to the period relevant to the taxes in issue, the statute was amended to read as quoted. The changes are not material to this case.)

The person taxed is the person who first sells, uses, consumes, handles, possesses or distributes cigarettes in this state. RCW 82.24.080. The object taxed is a product—cigarettes. RCW 82.24.080 declares the legislative intent "to levy a tax on all of the *articles* taxed herein." (Italics ours.) Payment is evidenced by stamps affixed to the cigarette *package.* RCW 82.24.030. Its measure is a specified rate per cigarette. RCW 82.24.020, 28A.47.440 and 73.32.130. In short, it is a per cigarette tax, unrelated to ownership, value or price.

On the other hand, the city's business and occupation tax

is a levy against those persons engaging in the activity of making sales at wholesale. The broad category of wholesalers is being taxed, and the nature of the product being sold at wholesale is immaterial.

What is being taxed is the privilege of doing business within the city. In return for this tax the business receives the myriad services provided by municipal government. The measure is gross proceeds of wholesaling. Plaintiff is subject to the city's business and occupation tax not because it wholesales cigarettes, but because it is a wholesaler. We find such dissimilar attributes in the two taxes that we must conclude they are not of the same nature.

Further, we note that the state itself imposes a business and occupation tax upon cigarette wholesalers measured by gross proceeds. RCW 82.04.275. This demonstrates a legislative awareness and intent to view the cigarette tax as a product tax as distinguished from a privilege tax on the business of wholesaling.

Prior decisions do not call for a contrary result. In *Ropo, Inc. v. Seattle*, 67 Wn.2d 574, 409 P.2d 148 (1965), this court correctly recognized the distinction between the measure of a tax (in the case at bench gross proceeds from wholesaling cigarettes) and the subject matter of that tax (here, the wholesaling activity). It was held that an ordinance levying an admission tax, which was defined to include charges for alcoholic beverages, did not constitute a tax on liquor in violation of the state preemption of taxes on liquor contained in RCW 66.08.120. That is consistent with our holding here.

Plaintiff, however, points to *Vinup v. Seattle*, 11 Wn. 2d 630, 120 P.2d 464 (1941). In that case, a Seattle ordinance required a fee for a gasoline station license based on the number of pumps at each station. It was found to be a revenue measure and invalid in view of Laws of 1933, ch. 58, § 23, which provided that: "The [state gasoline] tax herein levied is in lieu of any excise, privilege or occupational tax upon the business of . . . selling or distribut-

ing motor vehicle fuel . . ." There is no such specific preemption here. To apply the rationale of *Vinup* to this case would simply mean that with the preemption language before us the city could not impose a stamp tax against the product.

■ The precise distinction involved is drawn in *Ingels v. Riley*, 5 Cal. 2d 154, 160, 53 P.2d 939 (1936):

> We are of the opinion that if a tax in its nature is a privilege tax, it does not become a property tax simply because it is proportioned in amount to the value of the property used in connection with the privilege which is taxed.

Put another way: "The character of the imposition is not determined by the mode adopted in fixing its amount." *Kane v. State*, 81 N.J.L. 594, 598, 80 A. 453 (1911), *aff'd*, 242 U.S. 160, 61 L. Ed. 222, 37 S. Ct. 30 (1916). Likewise, in *Humphries v. Carter*, 172 Tenn. 392, 112 S.W.2d 833 (1938), a privilege tax was upheld as applied to a greenhouse and nursery business despite a constitutional prohibition against taxing products of the soil. The court pointed out that the tax was not upon the property, but rather upon the privilege of conducting a business. Also in accord with our decision is *South Coast Fisheries, Inc. v. Department of Fish & Game*, 213 Cal. App. 2d 325, 28 Cal. Rptr. 537 (1963). There the state levied a privilege tax upon fish canneries, the measure of which was based upon the number of pounds of fish purchased. Some of the fish was imported. The taxpayers contended that this constituted a violation of the proscription of state taxes on imports contained in U.S. Const. art. 1, § 10. The court held the tax to be a valid tax on the privilege of engaging in business rather than a tax upon an exempt product.

Finally, plaintiff urges that this case should be controlled by the principle of *Brown v. Maryland*, 25 U.S. (12 Wheat.) 419, 6 L. Ed. 678 (1827), which struck down a license fee on importers as a tax on imports. There is a broadly stated conclusion in *Brown* that a tax on the occupation of importing is a tax on the article being imported.

Subsequent cases of the United States Supreme Court draw finer distinctions than the sweeping language of *Brown.* For example, in *Flint v. Stone Tracy Co.,* 220 U.S. 107, 165, 55 L. Ed. 389, 31 S. Ct. 342 (1910), the court said:

It is therefore well settled by the decisions of this court that when the sovereign authority has exercised the right to tax a legitimate subject of taxation as an exercise of a franchise or privilege, it is no objection that the measure of taxation is found in the income produced in part from property which of itself considered is nontaxable.

Of like import is *Educational Films Corp. of America v. Ward,* 282 U.S. 379, 75 L. Ed. 400, 51 S. Ct. 170, 71 A.L.R. 1226 (1931), wherein the court upheld a state franchise privilege tax measured by income even though that income included receipts which were specifically exempt from taxation. The court said at page 389:

[I]n *Flint* v. *Stone Tracy Co.,* . . . the Court reaffirmed the distinction, repeatedly made in earlier decisions, between a tax, invalid because laid directly on governmental instrumentalities or income derived from them, and an excise which is valid because imposed on corporate franchises, even though the corporate property or income which is the measure of the tax embraces tax exempt securities or their income. . . .

Upon a like principle other forms of excise tax have been upheld, although the statutory measure of the tax included securities constitutionally immune from any form of direct taxation. ,

(Citations omitted.)

We conclude that the same distinction which we draw in this case is recognized as valid in the federal cases.

The judgment of the trial court and the decision of the Court of Appeals are reversed.

HALE, C.J., and FINLEY, HUNTER, HAMILTON, STAFFORD, and UTTER, JJ., concur.

ROSELLINI, J. (dissenting)—The majority fails to discuss or give any significance to the meaning of preemption as

found in RCW 82.02.020. The Court of Appeals' decision correctly states the rule as applied to the meaning of preemption:

When a state preempts a particular field of taxation, it may be inferred reasonably that it intends to exclude municipalities from such a field. 16 E. McQuillin, *Municipal Corporations* § 44.14 (3d ed. 1972). The term "preemption" is broader than the term "exemption." Preemption indicates a complete take-over of a field of taxation to the exclusion of all interference while an exemption is a special freedom from taxation imposed upon others. A preemption precludes an invasion, while an exemption grants a dispensation. The terms are used loosely and interchangeably at times so that the total context of a holding must be examined to discover its true purport. In this light, read *Columbia & P.S.R.R. v. Chilberg,* 6 Wash. 612, 34 P. 163 (1893), which held it within the power of the legislature to entirely exempt certain property from taxation and, if and when it did, such an exemption would deprive a municipality of power to impose any tax upon such property.

*P. Lorillard Co. v. Seattle,* 8 Wn. App. 510, 514, 507 P.2d 1212 (1973).

I would adopt the Court of Appeals opinion written by Callow, J., as my opinion, and for the reasons cited therein I would affirm the Court of Appeals and the trial court in exempting the tax on gross proceeds derived from engaging in the business of cigarette sales.

WRIGHT, J., concurs with ROSELLINI, J.

Petition for rehearing denied June 24, 1974.