**Carl D. KUMPF and Insurance and Financial Services, Ltd., Defendants below, Appellants,**

v.

**The CITY OF WILMINGTON, Plaintiff below, Appellee.**

Supreme Court of Delaware.

Submitted Nov. 16, 1977.

Decided Jan. 23, 1978.

Henry N. Herndon, Jr. and Edward M. McNally, of Morris, James, Hitchens & Williams, Wilmington, for defendants below, appellants.

Jeffrey S. Goddess, City Sol., and Robert D. Goldberg, First Asst. City Sol., Wilmington, for plaintiff below, appellee.

Roger P. Sanders, of Prickett, Ward, Burt & Sanders, Wilmington, for Independent Insurance Agents of Delaware, Inc., amicus curiae.

Before HERRMANN, C. J., DUFFY and McNEILLY, JJ.

HERRMANN, Chief Justice:

This appeal presents the question of whether insurance agents and brokers are exempt from paying on commission income the Municipal User Tax, imposed by the City of Wilmington under 22 *Del.C.* § 901,[1]

---

1. 22 *Del.C.* § 901 provides:

"§ 901. Authority to levy, assess and collect tax.

"Any municipality of this State with a population in excess of 50,000 persons is hereby authorized to levy, assess and collect a tax for

in view of the State's pre-emption of taxation of the insurance business under 18 *Del.C.* § 712.[2]

## I.

Upon advice of counsel that commission income of insurance agents and brokers is not subject to the Wilmington Wage Tax (hereinafter the "Tax"), the defendant, Insurance and Financial Services, Ltd. (hereinafter "IFS"), ceased withholding the Tax from commissions earned by defendant Carl Kumpf, President of IFS, and by other insurance agent and broker employees of IFS. The City thereupon brought an action to collect arrearages of the Tax from defendant Kumpf and to require IFS to withhold the Tax from commission compensation of employee agents and brokers in the future. The defendants moved for judgment on the pleadings on the ground that, under § 712, they were exempt from paying the Tax. The Superior Court denied the defendants' motion for judgment; they appeal.

Independent Insurance Agents of Delaware, Inc. was granted leave to file an *amicus curiae* brief. The *amicus* contends that the Tax is unconstitutional because the Municipal User Tax Act is a special act of incorporation amending the Charter of the City of Wilmington; that, as such, it required a two-thirds vote of the General Assembly under *Del.Const.*, Art. IX, § 1,[3] which, concededly, it did not receive. Moreover, says the *amicus*, under 22 *Del.C.* § 830(b),[4] the City lacks the authority to levy the Tax as a power inherent in its Home Rule Charter.

## II.

■ The defendants contend that Title 18 of the Delaware Code, "The Insurance Code", pre-empts the field of insurance and imposes a broad statutory scheme regulating all aspects of the insurance business; that essential elements of this comprehensive plan are the provisions regarding taxation of the insurance business found in 18 *Del.C.* §§ 712(a) and (b). The defendants argue that § 712 exempts agents and brokers compensated by commission (but not wage or salary employees) because the activities of such agents and brokers are part of the "business of insurance" which the City may not tax under the "in lieu of" provision of § 712(a). Their reasoning is that since the establishment of commission

---

general revenue purposes on earned income of its residents and on any income earned within the city by persons not residing within such city but engaged or employed in any business, profession or occupation within such city."

**2.** 18 *Del.C.* §§ 712(a) and (b) provide:

"(a) The fees, charges and premium taxes imposed by the State shall be *in lieu of* all county and municipal license fees and taxes upon the business of insurance in this State, excepting property taxes.

"(b) The State hereby preempts the field of regulating or of imposing excise, privilege, franchise, income, license, permit, registration and similar taxes, licenses and fees upon insurers and their general agents, agents and other representatives *as such*, and on the intangible property of insurers or such representatives, and all political subdivisions or agencies thereof in this State are prohibited from regulating insurers or their general agents, agents and other representatives as such, and from imposing upon them any such tax, license or fee. Except, that this provision shall not prohibit the imposition by political subdivisions of taxes upon real and tangible personal property." (emphasis supplied)

**3.** *Del.Const.* Art. IX, § 1 provides in pertinent part:

"No general incorporation law, nor any special act of incorporation, shall be enacted without the concurrence of two-thirds of all the members elected to each House of the General Assembly."

**4.** 22 *Del.C.* § 830(b) provides:

"(b) No municipal corporation, the charter of which imposes a limitation on the taxing power of the municipal corporation, shall amend its charter, pursuant to this chapter, so as to permit the municipal corporation to increase the amount of money that may be raised by taxes or to permit the levying of any new taxes, except that any such municipal corporation which may amend its charter pursuant to this chapter may adopt a charter amendment pursuant to the provisions of this chapter which provides that the municipal corporation may raise, in addition to the taxes necessary to service the bonded indebtedness of the municipal corporation, by taxes upon real estate, a sum of money not in excess of 2% of the total assessed value of all the real estate subject to taxation located within the municipal corporation."

rates is part of the business of insurance, the receipt of commissions is also a part of that business. They contend, too, that the "as such" language of § 712(b) was not intended to preclude the taxation of the professional activities of insurance agents and brokers while allowing taxation of their earned income as part of a general class; rather, it is argued, § 712(b) was intended to preclude taxation of all insurance-related income.

The Trial Court was correct in rejecting the defendants' argument that § 712 exempted them from the Tax. While, by the Insurance Code, the State has pre-empted the regulation and taxation of the insurance business, the defendants err in reading into either subsection of § 712 an exemption of insurance agents and brokers from a general wage tax imposed uniformly on everyone within the class described in 22 *Del.C.* § 901, irrespective of how their earned income is compensated.

The defendants cite *New York Life Insurance Co. v. Town of Comanche*, Okl. Supr., 62 Okl. 247, 162 P. 466 (1916), *Groves v. City of Los Angeles*, Cal.Supr., 40 Cal.2d 751, 256 P.2d 309 (1953), *City of St. Charles v. Inter. Insurance Exchange, etc.,* Mo.App., 108 S.W.2d 626 (1937), *Kansas City v. Oppenheimer*, Mo.App., 100 Mo.App. 527, 75 S.W. 174 (1903), and *City of Morgantown v. Fidelity Mutual Life Insurance Co.,* W.Va.Supr., 141 W.Va. 405, 90 S.E.2d 434 (1955), for the proposition that no taxes can be imposed by a municipality where there is a state pre-emption of the insurance industry. These cases are inapposite. In each, a local taxing authority attempted to impose a specific tax on an element or facet of the insurance business explicitly pre-empted by the state. In the instant case, however, the City has imposed a general tax on the earned income of all persons falling within the class described by 22 *Del.C.* § 901; it has not specifically taxed insurance agents and brokers or their earned income. The Tax is an assessment upon earned income; it is neither an occupation tax nor a tax on the business of insurance.

That the City has not taxed the business of insurance is supported by "The Insurance Code" itself. In 18 *Del.C.* § 102(2), insurance is defined as:

"* * * a contract whereby one undertakes to pay or indemnify another as to loss from certain specified contingencies or perils, called 'risks,' or to pay or grant a specified amount or determinable benefit in connection with ascertainable risk contingencies or to act as surety."

And in 18 *Del.C.* § 103, an insurance transaction is defined:

"In addition to other aspects of insurance operations to which provisions of this title by their terms apply, 'transact' with respect to a business of insurance includes any of the following:

"(1) Solicitation or inducement;

"(2) Negotiations;

"(3) Effectuation of a contract of insurance;

"(4) Transaction of matters subsequent to effectuation and arising out of such a contract."

Neither of these definitions refers to the receipt of commission income as being within the business of insurance.

Although receipt of insurance commissions as compensation is part of the insurance business in a broad sense, it is not sufficiently related to the contract of insurance to fall within the statutory definition of an insurance "transaction". Cf. *Continental American Life Insurance Co. v. City of Wilmington*, Del.Super., 273 A.2d 277 (1970). We find no merit in the contention that since the establishment of commission rates has been considered part of the business of insurance and subject to state regulation, the receipt of commissions is equally a part of the business of insurance; the circumstances are not analogous. The commission rate, because it directly affects the cost of the insurance contract, is directly related to the contract, whereas the receipt of commissions has no such effect on either the contract of insurance or the insurance transaction as statutorily defined. Finally, it is unreasonable to assume that the Legislature intended by § 712 to give a tax advantage only to insurance agents and brokers working for commissions.

**296**

Accordingly, we conclude that the receipt of commission income by an agent or broker is not a part of the "business of insurance" within the meaning of § 712(a) and that insurance agents and brokers are not thereby exempted from the Tax.

 Nor does § 712(b) prevent application of the Tax to insurance agents and brokers. Whether pre-emption of taxation exists is determined by the nature of the tax in issue, which is in turn determined by the "incidents" of the tax. *Dawson v. Kentucky Distilleries Co.*, 255 U.S. 288, 41 S.Ct. 272, 65 L.Ed. 638 (1920). That term has been interpreted to mean the subject matter and the measure that is the base or yardstick by which the tax is applied. *Commonwealth v. National Biscuit Co.*, Pa. Supr., 390 Pa. 642, 136 A.2d 821 (1957), appeal dismissed 357 U.S. 571, 78 S.Ct. 1383, 2 L.Ed.2d 1547 (1958). Thus, to determine if pre-emption exists it is necessary to ascertain who is being taxed, what is being taxed, and how the tax is measured. *P. Lorillard Company v. City of Seattle*, Wash.Supr., 83 Wash.2d 586, 521 P.2d 208 (1974).

Employing these criteria, it is apparent that § 712(b) was not intended to pre-empt taxation of the receipt of commissions by insurance agents and brokers. The incidents of the fees in the Insurance Code and the incidents of the City Tax are completely dissimilar. It is provided by § 901 that the Tax may be levied by a qualifying municipality "for general revenue purposes on earned income of its residents and on any income earned within the city by persons not residing within such city but engaged or employed in any business, profession or occupation within such city". And § 903 defines "income" as "the total income from whatever source earned by any resident of such city and the total income earned within such city by any nonresident of the city". Manifestly, the Tax is directly solely against earned personal income and not against the receipt of income by any specific business, including the insurance business. Manifestly, too, the Tax does not fall upon insurance agents and brokers *qua* insurance agents and brokers; it falls upon

them as members of the general class covered by § 901. Accordingly, we hold that the Tax is not levied upon insurance agents and brokers "as such", in violation of § 712(b).

### III.

The constitutional issues raised by the *amicus* are settled in *Roy et al. v. Williams et al.*, Del.Supr., 382 A.2d 1351 (1978), decided this day. There, we concluded that the 1974 Revision of the Delaware Code, of which 22 *Del.C.*, Ch. 9 is a component, was enacted as the positive law of the State of Delaware by a three-fourths vote of the General Assembly; that, therefore, there is no merit to the challenge that the Act is invalid for want of a two-thirds vote under *Del.Const.*, Art. IX, § 1. As a further consequence of our holding in *Roy*, we do not reach the question of whether the power to levy the Tax may be found in the Home Rule Act and the Charter of the City of Wilmington, independent of 22 *Del.C.*, Ch. 9.

\* \* \*

Affirmed.