[No. 8356–2–I.   Division One.   August 4, 1980.]

THE CITY OF SEATTLE, *Respondent*, v. EDWARD
D. CAMPBELL, *Appellant*.

*Edward D. Campbell,* pro se.

*Douglas N. Jewett, City Attorney,* and *Kathryn Kuri-
yama, Assistant,* for respondent.

RINGOLD, J.—Edward D. Campbell is a lawyer in good
standing with the Washington State Bar Association (Bar).
He maintains an office in the city of Seattle, but failed to
file and remit any business license tax for his professional

activities for the last one–half of 1976. For his failure to pay, the City revoked Campbell's business license and charged him with violation of the applicable ordinance. He was found guilty of failing to pay the business license tax and a $50 fine was imposed. At trial de novo in Superior Court he was again found guilty.

In municipal court, superior court and here the defendant resisted imposition of the tax on the basis that the City may not lawfully impose a business and occupation tax upon attorneys. Campbell argues that by imposing the tax and seeking penalties for nonpayment the City is asserting the power to regulate the practice of law within the city of Seattle, in contravention of the established principle that regulation of the Bar is exclusively vested in the judicial branch of government. *Everson v. Assink,* 15 Wn. App. 842, 552 P.2d 205 (1976). Such power is an inherent power of the Supreme Court, as to which even the legislature has no authority, Campbell contends. *Graham v. State Bar Ass'n,* 86 Wn.2d 624, 548 P.2d 310 (1976). Campbell continues that the State has preempted the field of criminal sanctions for the unauthorized practice of law by means of RCW 2.48.180.

The City responds that Campbell is confusing the police power regulation of the Bar by the Supreme Court and the revenue raising power by the City. The fact that an attorney must be licensed by the Supreme Court does not confer upon him some vested or absolute right that may not be otherwise burdened. *Cf. P. Lorillard Co. v. Seattle,* 83 Wn.2d 586, 521 P.2d 208 (1974). The City contends that state regulation of attorneys has not preempted the local tax.

█ The City's arguments are essentially correct. An eminent authority has stated:

> Municipalities may have power to license lawyers by imposing a license fee or tax on them. At least, where the power is expressly granted by charter or legislative act, a municipal corporation may exact a license tax from lawyers for the privilege of following the practice of law

within the municipal boundaries. State bar acts have been ruled not to preclude municipal licensing of attorneys where such licensing is for the purpose of raising revenue only. That is to say, while a municipality may levy an occupation or license tax upon the practice of law within its municipal limits, it may not by a regulatory licensing ordinance regulate the legal profession. Consequently, insofar as an ordinance licensing attorneys at law purports to be regulatory in nature it is invalid by reason that such power to license and regulate the legal profession is vested only in the judicial branch of state government.

(Footnotes omitted.) 9 E. McQuillin, *Municipal Corporations* § 26.130, at 307 (3d ed. 1978). No exceptions to the foregoing rules have been noted. According to McQuillin, then, the crucial determinant is whether the city license tax is for revenue producing purposes, or for regulation of the Bar.

The business tax ordinance, No. 72630, in material part provides:

EXERCISE OF REVENUE LICENSE POWER: The provisions of this ordinance shall be deemed an exercise of the power of The City of Seattle to license for revenue.

. . .

Section 29

REVOCATION OF LICENSE: The Director of Licenses and Consumer Affairs may revoke the license issued to any taxpayer who is in default in any payment of any license fee or tax hereunder, or who fails to comply with any of the provisions of this ordinance. Notice of such revocation shall be mailed to the taxpayer by the Director of Licenses and Consumer Affairs, and on and after the date thereof any such taxpayer who continues to engage in business shall be deemed to be operating without a license and shall be subject to any or all penalties herein provided. (Am.Ord.102623,app.Oct.3,1973.)

Section 30

PENALTIES: Any person violating or failing to comply with any of the provisions of this ordinance or any lawful rule or regulation adopted by the Director of Licenses and Consumer Affairs pursuant thereto, upon conviction thereof, shall be punished by a fine in any sum not to

exceed Three Hundred Dollars ($300.00) or by imprisonment in the City Jail for a term not exceeding ninety (90) days, or by both such fine and imprisonment. (Am.Ord.102623,app.Oct.3,1973.)

Clearly the purpose of this ordinance is the collection of revenue. The penalties authorized by section 30 do not purport to be regulatory of the practice of law, or to deprive an attorney of his entitlement to practice law, but only to punish his noncompliance with the tax measure. Such powers of the City are expressly conferred by the Seattle City Charter, art. 4, § 15, and RCW 35.22.280.[1] The ordinance is purely a revenue raising measure and does not impinge upon the Supreme Court's power to regulate the Bar.

Because the ordinance is revenue producing, it does not conflict in any way with RCW 2.48.180 or 2.48.190, which relate to the unauthorized practice of law. The ordinance has nothing to do with the authorization to practice law, so those statutes do not preempt the city ordinance. *Cf. Seattle Newspaper–Web Pressmen's Local 26 v. Seattle,* 24 Wn. App. 462, 604 P.2d 170 (1979).

The ordinance is constitutional. We affirm.

JAMES, A.C.J., and ANDERSEN, J., concur.

---

[1]The Seattle City Charter, art. 4, § 15 provides:

"The city shall, in addition to the powers enumerated in this charter, have all other powers now or hereafter granted to or exercised by municipal corporations of like character and degree, and also all powers now or hereafter granted to incorporated towns and cities, by the laws of this state, . . ."

RCW 35.22.280(32) provides:

"Any city of the first class shall have power:

". . .

"(32) To grant licenses for any lawful purpose, and to fix by ordinance the amount to be paid therefor, and to provide for revoking the same . . ."